## CENTRAL TRUST COMPANY OF MOBILE v. EDWARD D'ARCY, Trustee of F. H. SMITH LUMBER COMPANY, Appellant.

**Division One, December 23, 1911.**

1. **JUDGMENT: Against Insolvent Company: Subsequent Suit Against its Trustee: Res Adjudicata.** A judgment obtained against an industrial corporation in this State after it had conveyed all its property to a trustee to pay certain debts and persons, in a suit in which the court had jurisdiction both of the company and the subject-matter, is valid and binding upon the parties thereto, and the matters and things adjudicated by that suit cannot be retried in a subsequent suit by the same plaintiff against the trustee to compel him to pay the judgment out of the funds in his hands.

2. ———: ———: **Assignment: Right of Creditor to Sue.** The fact that the corporation, prior to the institution of the suit against it, conveyed all its assets and properties to a trustee, for the purposes of paying its debts, did not exempt it from suit by its creditors. The law gives the right of action, and that right cannot be taken away by the voluntary act of the debtor.

3. ———: ———: **Trustee or Assignee Not a Party.** Where the insolvent company made an assignment of all its properties to a trustee to pay its debts, a subsequent suit by a bank to establish a claim against it as guarantor of the debt of another company, should be brought against said insolvent company; and if it permits judgment to go against it by default, its trustee, when the claim is presented to him for allowance and payment, and when upon his refusal suit is brought against him to compel payment, cannot be heard to defend on the ground that the former suit was not brought against him and that he was not heard. He accepted the trust for the purpose of paying the insolvent company's debts, and the suit established the fact that it was the debtor and that the plaintiff was its creditor, and the suit was therefore properly brought against it.

Appeal from St. Louis City Circuit Court—*Hon. Geo. H. Shields,* Judge.

AFFIRMED.

*G. L. Edwards* and *Edward D'Arcy* for appellant.

(1) The judgment in the case against the F. H. Smith Lumber Company was obtained without a hearing of the only party entitled to be heard, and is, therefore, void. Keele v. Keele, 118 Mo. App. 262; Windsor v. McVeigh, 93 U. S. 274; Hovey v. Elliott, 145 N. Y. 126; S. C., 167 U. S. 409, 42 L. Ed. 215; Pennoyer v. Neff, 95 U. S. 673, 24 L. Ed. 565; Dartmouth College Case, 17 U. S. 581. (2) The petition in the suit against the F. H. Smith Lumber Company is fatally defective, for the reason that it fails to show a valid contract of guaranty by the F. H. Smith Lumber Company to the Central Trust Company. It shows on its face that the offer was never accepted as made. Potter v. Gronbeck, 117 Ill. 404; 20 Cyc. 1404, n. 45, and 1411, n. 86; 15 Laws of England, 449, n. k.; 7 Id., 350; Morten v. Marshall, 2 H. & C. 305. (3) Unless the pleadings state a cause of action, a judgment founded thereon is void. Weil v. Green County, 69 Mo. 286; Roden v. Helm, 192 Mo. 71; Campbell v. Greer, 197 Mo. 463; Dunlap v. Kelly, 105 Mo. App. 1; Clem v. Meserole, 44 Fla. 234. (4) The judgment is founded on the pleadings, and the points decided must be within the issues raised by them, or the judgment is void. State ex rel. v. Muench, 217 Mo. 124; Charles v. White, 214 Mo. 204; Hope v. Blair, 105 Mo. 93; Munday v. Vail, 34 N. J. L. 418.

*Alexander Young* for respondent.

(1) The judgment by default against the F. H. Smith Lumber Company, which is the basis of this suit, was regular and according to law, by reason of said defendant's failure to answer or demur. Sec. 1799, R. S. 1911. (2) The petition in that case states a meritorious cause of action against F. H. Smith Lumber Company, defendant therein, and shows a

valid contract of guaranty; the guarantor having knowledge of its acceptance it is bound by it. Notice of the acceptance may be proved by circumstances. Childs v. Rankin, 9 Mo. 673; Tolman v. Means, 52 Mo. App. 385; Manufacturing Co. v. Shreve, 94 Mo. App. 518.

WOODSON, J.—The respondent, the plaintiff below, brought this suit against the appellant, to compel him, as trustee of the assets of F. H. Smith Lumber Company, to allow, and pay out of the trust funds in his hands, a certain judgment obtained by the former against the latter.

The facts of the case are practically undisputed, and are as follows:

The respondent was a banking and trust company, organized and doing business under the laws of the State of Alabama, with its place of business at Mobile, in that State.

The F. H. Smith Lumber Company was incorporated and doing business under the laws of Missouri, with its chief office in the city of St. Louis, where it had extensive lumber yards, for the storage of lumber, bought by and shipped to it from various States of the Union, and from which it made sales of lumber and shipped the same to its numerous customers throughout this country and Europe.

The Hardwood Export Company was incorporated under the laws of Illinois, with its chief office at the city of Cairo. This company also had and maintained an office in the city of St. Louis, and another at Mt. Vernon, Alabama, at or near which place it owned many thousands of acres of timber lands, also extensive sawmills, drying houses, kilns, sheds and other appliances and machinery used in manufacturing its timber into lumber and preparing it for sale.

The business relations that existed between these two lumber companies were very close, and apparently

they were financially interested in each other. At any rate, the dealings and transactions between them were numerous and extensive, the latter sawing its timber into lumber and preparing it for market, and the former purchasing much if not all of it, and selling it to its own customers throughout the United States and Europe.

In furtherance of that relation and the dealings between them, on August 10, 1903, the F. H. Smith Lumber Company made and delivered to the respondent, the Trust Company, the following written guaranty, viz.:

MOBILE, ALA., Aug. 10, 1903.

*Central Trust Company, City*:

Gentlemen:—In consideration of our interest in the Hardwood Export Co., we hereby guarantee the payment of any moneys that may be advanced by you to the Hardwood Export Company of Mt. Vernon, Ala. They proposing from time to time to obtain loans from you for which they will give you their promissory notes signed by their manager. Mr. J. C. McKinnon will have entire charge of the finances at Mobile and will sign such notes, etc.

Yours truly,

F. H. SMITH LUMBER Co., of St. Louis, Mo.

Per J. M. BULLARD, Secy. and Treas.

J. M. BULLARD.

The Trust Company, with this guaranty in its possession, and relying upon it, thereafter, on November 11th, 1903, lent to said Hardwood Export Company $5,000, taking its note therefor, executed as provided for in said guaranty, and due ninety days after date. On December 12, 1903, while still holding and relying upon said guaranty, the Trust Company loaned to the said Hardwood Export Company a further sum of $5,000, evidenced by a note of that date, due in sixty days thereafter, also executed as provided by said guaranty. These loans were made in the due course of business; and, under the laws of Alabama, said notes bore eight per cent interest.

On December 24, 1903, the Hardwood Export Company became insolvent and was unable to pay its debts. According to due process of law, all its property and effects were sold, and the proceeds thereof were legally distributed among its creditors, $599.48 of which was paid to the Trust Company on said notes, leaving a balance due thereon of $9400.52, with interest.

On December 24, 1903, the F. H. Smith Lumber Company, by its deed of that date, conveyed all its property of every kind to a trustee, in trust for the following purposes, viz.:

1. To pay the reasonable attorneys' fees for services rendered in the preparation of this conveyance, to pay all costs and expenses, including reasonable counsel and attorneys' fees, incurred in executing the trust herein, including compensation to the said trustees, the survivor and successor thereof, for executing the said trust, as is referred to and stated hereinafter, the amount of premiums for the bonds required of said trustees hereinafter provided for, all taxes on the trust property due and payable at any time, all premiums for insurance on said property, all claims and demands for work and labor done or material furnished, which by the statutes of any State or States are made a lien upon any of the property held under said trust, and which by virtue of said statutes are entitled to priority of payment over other debts and to pay all indebtedness of every kind and nature incurred or created by said parties of the second part, their survivor or successors, in executing this trust.

2. To pay from time to time from the cash on hand, to the present creditors of said party of the first part, pro rata according to the indebtedness of said party of the first part to them owing, such sums as said parties of the second part may deem safe and convenient to pay, taking into consideration the condi-

tion of said trust estate, and after all debts, demands, claims and liabilities incurred and created by said parties of the second part, their survivor or successors, in executing this trust shall have been paid, and all debts, claims and demands and liabilities of the said party of the first part now existing, with interest thereon at the rate of six per centum per annum shall have been paid, then the said parties of the second part, their survivor or successors, shall reconvey to said party of the first part all the property, of every kind and nature whatsoever, in their hands or to them belonging under this conveyance.

The trustee of the latter company has been collecting up the assets thereof and applying the same to the payment of its debts, as provided for by said deed of conveyance, excepting said debts of the Trust Company, which he refused and still refuses to pay, or any part thereof, out of the assets of said company, although having in his hands sufficient assets to pay the same percentage of its debt, that he has paid to all the other creditors.

Upon that state of facts the Trust Company, the respondent, instituted a suit against the F. H. Smith Lumber Company, and the trustee aforesaid, for the purpose of recovering, against it, the balance due on said two notes, under the provision of said written guaranty. Subsequently, the Trust Company dismissed the suit as to the trustee, and the Lumber Company having failed to answer, a judgment by default was rendered against it, upon its guaranty, for the balance due on the two notes executed by the Hardwood Export Company to the Trust Company.

This judgment was presented to the trustee of the F. H. Smith Lumber Company for payment, which was by him refused. Thereupon the Trust Company, the respondent here, instituted this suit against the said trustee to compel him to pay to it its proportional

part of the assets conveyed to him by that company
on December 24, 1903.

A trial was had, which resulted in a judgment in
favor of the Trust Company, and against the trustee,
requiring him to pay to it its proportional part of the
assets in his hands. From that judgment, the trustee
has appealed to this court.

I.  Counsel for both parties have presented and
discussed many legal propositions, but under the view
we take of the case, the legal questions involved are
limited to a very small compass.

Counsel for appellant are undertaking to retry,
in this case, all of the matters and things which were
tried and adjudicated in the former case of the Trust
Company against F. H. Smith Lumber Company; so
at the very threshold of this case we must first de-
termine whether or not the judgment in that case is
valid, and if so, to what extent it is binding upon the
appellant, the trustee thereof.

As previously stated, the facts of this case are
practically undisputed, and that being true, there can
be no question but what the Trust Company loaned
$10,000 to the Hardwood Export Company, evidenced
by the two notes before mentioned, and guaranteed by
the guaranty of the F. H. Smith Lumber Company
previously mentioned. Not only that, the circuit
court of the city of St. Louis had jurisdiction of the
parties to that suit, namely, the Trust Company and
the F. H. Smith Lumber Company, for the reason
that the former entered its appearance by bringing
that suit, and the latter being a domestic corporation
(which was duly served), with its chief office and
place of business in the city of St. Louis, it was
amenable to the process of the circuit court of that
city. That court being a court of general jurisdiction,
it unquestionably had jurisdiction of the subject-mat-

ter of that suit, namely, the notes and guaranty previously mentioned.

Those facts being conceded to be true, the conclusion must necessarily follow, that the judgment rendered therein, in favor of the Trust Company and against the F. H. Smith Lumber Company, is valid and binding between them. The mere fact that prior to the date of the institution of that suit, the Company conveyed its assets and property to a trustee, for the purposes stated in the deed of conveyance, did not exempt it from suit by its creditors. The law gives the right of action and that right cannot be destroyed by the voluntary act of the debtor. This is elementary, and needs no citation of authorities in support thereof.

We are, therefore, clearly of the opinion that the judgment in that case is valid and binding upon the parties thereto.

II. This brings us to the consideration of the second proposition, namely, to what extent, if any, is that judgment binding in this suit, on the trustee, the appellant?

Counsel for appellant take the position that the judgment in the case of the Trust Company, the relator here, against the F. H. Smith Lumber Company, "was obtained without a hearing of the only party entitled to be heard (namely, the trustee, and appellant) and is therefore void." In support of that position, we are cited to Keele v. Keele, 118 Mo. App. 262; Windsor v. McVeigh, 93 U. S. 274; Hovey v. Elliott, 145 N. Y. 126; same case, 167 U. S. 409; Pennoyer v. Neff, 95 U. S. 714, and Darthmouth College Case, 17 U. S. 581.

After a critical analysis of those cases, we find that they announce the old and familiar rule, that a party cannot be deprived of his property without due process of law, that is, a judgment against a party

without notice is void. But that is not the question here presented. The trustee is not the owner of the property conveyed to him by the deed of trust dated December 24, 1903. He accepted the conveyance upon the terms stated therein, that is, for the purpose of paying the debts of the F. H. Smith Lumber Company. Now, who were the creditors of that company, and how could their debts be established?

In this case, only those are creditors who became such by contract with it, and not by a contract with this trustee, the appellant here; and the only way that such a claim or debt could be established against that company was by suit brought and prosecuted to judgment, just as was done in the case of the Trust Company, the respondent here, against the F. H. Smith Lumber Company.

When that judgment was rendered against the Lumber Company, the Trust Company, the respondent here, became the former's judgment creditor, and under the terms of the deed of trust it became the plain duty of the trustee to so recognize that fact, and it became his duty to pay to it its proportional part of the funds coming into his hands. That judgment was final and unappealed from, and it is binding upon the parties thereto.

Practically all of the matters and things here presented for consideration by counsel for the trustee, are matters, if true, which should have been set up as a defense by the Lumber Company in the former suit; but having failed to do so, the trustee of its assets is in no position to attack that judgment in this collateral proceeding. Clearly he derives no such authority from the deed of trust, and we have been cited to no law which would authorize any such conduct on his part.

Having discovered no error in the record, we are of the opinion that the judgment should be affirmed, and it is so ordered. All concur.