PENNSYLVANIA STEEL CO. et al. v. NEW YORK CITY RY. CO. et al.

In re OPPENHEIM.

(Circuit Court of Appeals, Second Circuit. November 9, 1915.)

No. 20.

RECEIVERS ⊕═147—DISTRIBUTION OF ESTATE—RETENTION OF MONEY TO AWAIT JUDGMENT IN ANOTHER ACTION.

A federal court *held* to have properly denied a petition for an order requiring its receiver of an insolvent corporation to retain a sum in his hands to await the determination of an action brought by petitioner in a state court to recover damages from the corporation for having procured his disbarment by perjured testimony, where petitioner was not a party to the record and had filed no claim against the estate, although the time fixed for filing claims had long expired.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 257–259; Dec. Dig. ⊕═147.]

Coxe, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by the Pennsylvania Steel Company and another against the New York City Railway Company and others. In the matter of the application of Benjamin Oppenheim for an order against Douglas Robinson, as receiver of the Metropolitan Street Railway Company. From an order denying the petition, petitioner appeals. Affirmed.

B. E. Messler and Johnston & Johnston, both of New York City (Lewis Johnston, of New York City, of counsel), for appellant.

Masten & Nichols, of New York City (A. H. Masten and Frederick W. Kobbé, both of New York City, of counsel), for appellee.

Before COXE, WARD, and ROGERS, Circuit Judges.

WARD, Circuit Judge. Benjamin Oppenheim filed a petition in the District Court praying that the receiver of the Metropolitan Street Railway Company—

"be required to retain in his hands sufficient moneys to pay any judgment which may be recovered by the said Benjamin Oppenheim against the said

Metropolitan Street Railway Company or the other defendants in said action brought by him in the New York Supreme Court, New York county, until the final determination of said action. The sum retained should be $300,000."

The cause of action sued on in the Supreme Court was that the Metropolitan Company and certain of its agents, officers, and directors had maliciously conspired to have the plaintiff disbarred on the false charge, sustained by bribed witnesses, that he had himself suborned witnesses in a negligence action against the company in which he was attorney for the plaintiff. The chronology is as follows:

March 23, 1901, upon charges filed by the Metropolitan Company, the petitioner was disbarred by the Appellate Division of the Supreme Court, First Department; in June, 1910, the petitioner discovered the existence of documentary evidence tending to prove that the witnesses against him in the disbarment proceeding had been bribed and suborned to commit perjury by the Metropolitan Company and certain of its agents, officers, and directors; May 26, 1911, the petitioner moved in the Appellate Division to have the order of disbarment vacated; February 7, 1913, the order was vacated and the petitioner reinstated; September 24, 1914, the petitioner began the suit in the Supreme Court; November 13, 1914, he filed this petition.

The court below, January 12, 1910, made a general order that no claim should be filed against the estate of the Metropolitan Company after March 1, 1910, and that they should be filed nunc pro tunc as of January 15, 1908. The District Court denied the petitioner's motion, on the ground that his claim was contingent on January 15, 1908, and therefore not provable. We shall affirm the order on somewhat different grounds.

The petitioner has never filed a claim in this proceeding, nor even asked permission to do so. He has selected another and different forum in which to assert his rights. In this proceeding he is an entire stranger, and has no standing to ask that the winding up of the estate be delayed to await the outcome of his suit in the state court. Even if he had a standing, the disposition of his petition by the court below was a matter of discretion, which is not appealable, unless the discretion was abused.

We see no abuse of discretion. Any claim that the petitioner had was complete when he was disbarred March 23, 1901, and action thereon was barred by the statute of limitations (section 382 of the New York Code of Civil Procedure) six years thereafter, viz., March 23, 1907, or ten years thereafter, viz., March 23, 1911 (section 388). Recovery would therefore seem to be impossible. He did not need to await bringing suit until the order of the Appellate Division disbarring him had been vacated. That was not res adjudicata between him and the Metropolitan Company. It was in a proceeding instituted, not for the benefit of the Metropolitan Company, but for the public.

The petitioner's claim is not for vindication, which he has accomplished by his proceedings in the Appellate Division, but for money damages, and should be treated like all other money claims. His conduct has been marked by laches throughout. He waited nearly a year after discovering the evidence on which he now relies before

applying for reinstatement to the Appellate Division. After he was reinstated, he waited over a year and a half before bringing suit. We can see no equity in delaying the winding up of this estate, now near at hand, or in taking out of it, at the expense of diligent creditors, a fund to await the determination of his suit in another forum.

The order is affirmed.

On appeal from an order of the District Court of the United States for the Southern District of New York, which denied the application of Benjamin Oppenheim, intervening petitioner, for an order directing Douglas Robinson, as receiver of the Metropolitan Street Railway Company, to retain in his hands sufficient money to satisfy any judgment which said Oppenheim may recover in an action now pending in the Supreme Court of New York against said railway company and the individual defendants who are alleged to have been directors and employés of the said railway company at the times the acts complained of took place. Oppenheim alleges that the defendants on or about January 5, 1900, falsely and maliciously preferred charges of misconduct against him, accusing him of having caused false testimony to be given in an action to recover damages brought against the railway company by Harriet Nugent, an infant, which resulted in a verdict in her favor for $5,000; that as a result of charges against him he was disbarred.

COXE, Circuit Judge (dissenting). This action is sui generis and it is altogether improbable that another similar controversy will arise. There is, therefore, little danger that a decision which permits a claimant, so seriously injured as was Oppenheim, to receive some redress for his wrongs will be "recorded for a precedent" in the case of claims susceptible of easy proof.

The appellant is not making an extraordinary or unreasonable demand of the court; all he asks is that, pending the proof of his claim in the state court, the entire property of the railway company shall not be distributed to other creditors, rendering any judgment he may recover a mere brutum fulmen. The petitioner seeks by this proceeding redress against the Metropolitan Street Railway Company and its receiver for one of the most grievous wrongs which can befall a reputable member of the bar, viz., disbarment. He was charged with having procured perjured testimony to be given in an action against the defendant Railway Company for damages which action resulted in a verdict of $5,000 for the plaintiff. The referee to whom the matter was referred found the appellant guilty and he was disbarred by an order of the Appellate Division of the Supreme Court on March 22, 1901. On February 7, 1913, he was reinstated, having at last discovered proof of the source of the perjured testimony. During this period of twelve years he suffered the ignominy of the judgment against him. His principal means of livelihood was taken from him, as he was unable to practice his profession. His vindication came when it was discovered that the testimony on which the decree of disbarment rested was false and was procured by the agents of the railway,

knowing it to be false. The general order fixing the last day for filing claims against the Metropolitan Company provided that they must be presented to the special master on or before January 15, 1908. The petitioner was not reinstated until February, 1913, five years thereafter.

The claim arose in March, 1901, when the petitioner was disbarred, it existed in January, 1908, but it could not be asserted or presented then for lack of proof which the petitioner was unable to procure at that time. If what this petitioner alleges be true, his life has been wrecked during its best years by false testimony brought against him by the Metropolitan Street Railway Company. He has known of his innocence, but only recently, and in an unexpected manner, has he been able to secure the proof. The delay was not due to his negligence or lack of effort. In such circumstances every consideration of fairness demands that a just and meritorious claim should not be lost in a maze of technicalities. In fact it would seem that all of those indirectly responsible for this wrong should be glad to see that some substantial reparation is made. The claim is not a contingent claim but one depending upon proof which has only recently been discovered. On and prior to January 15, 1908, the appellant knew that he had a claim but he could not assert it for lack of proof. Within a reasonable time after his vindication came he asked relief in the District Court. He could not have proved his claim prior to January 15, 1908, because it was not until five years afterwards that he was reinstated as a lawyer. Until he was vindicated by the Appellate Division it is idle to talk of laches in presenting the claim. Even now the appellant does not ask that anything be paid him until he has established his claim and the amount of his damages by competent proof. All he asks is that when the claim is liquidated he will not be met by the statement that the receiver has no funds.

If what he asserts be true he has been grievously wronged by the Metropolitan Street Railway Company acting through its attorneys and agents. He asks for an opportunity to present his case to a jury and hopes to recover some damages for the ignominy he has suffered and the pecuniary loss sustained by reason of his being prevented from practicing his profession during twelve of the best years of his life. He is met by a plea that his claim is barred, that he has waited too long to assert it and that in any event it will be inconvenient for the receiver to keep a fund on hand to meet a judgment which he may recover. To my mind this is not the time nor is this the tribunal to settle these questions. If the petitioner has no case the trial court will so say, if on the other hand he has a valid cause of action he should not, when he seeks to enforce it, be met with the statement that, knowing of his claim, this court and the District Court permitted the receiver to divest himself of every vestige of property which might satisfy the judgment.

I appreciate the necessity of having the receivership terminated as soon as possible, but I cannot believe that it would seriously embarrass the receivership if a reasonable sum were set aside for a short period

to meet any judgment which the petitioner may recover. Even were this otherwise, I think matters based on convenience should be subordinate to matters based on right.