RIEHLE, RECEIVER, *v.* MARGOLIES.

No. 347   Argued March 1, 5, 1929.—Decided April 8, 1929.

*Mr. F. Wright Moxley,* with whom *Mr. Harry F. White* was on the brief, for petitioner.

*Mr. Sol A. Rosenblatt,* with whom *Mr. Nathan Burkan* was on the brief, for respondent.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

This proceeding, commenced in 1923 in the federal court for southern New York, is what is called a friendly receivership. The federal jurisdiction was invoked solely on the ground of diversity of citizenship. The plaintiff, Hatch, a citizen of New York, is the holder of a dishonored check of the sole defendant, the Morosco Holding Company, Inc., a Delaware corporation, apparently with its principal place of business in New York. The bill alleges that the Company has a variety of assets, largely intangible, and many liabilities; and that, although financially embarrassed, it is solvent. The prayers are that the court administer its entire property; appoint for this purpose a receiver; and enjoin all persons from interfering with his possession. An answer presented with the bill admitted its allegations and joined in its prayers. Riehle

was appointed receiver. Thereafter orders were entered restraining the prosecution of suits against the Company and directing creditors to file with the receiver their claims against the Company. So far as appears no order of distribution has been made.

Among the Company's creditors, but not mentioned in the bill, was Margolies. Two months before the institution of this suit in the federal court, he had commenced in the Supreme Court of New York an action against the Company to recover $124,381 for breach of a contract. That action, in which the Company had filed an answer and counterclaim, was pending when the receiver was appointed. It was stayed by the order of the federal court. Margolies did not, so far as appears, challenge the jurisdiction of the federal court. Compare *Harkin* v. *Brundage*, 276 U. S. 36, 51–52; *Lion Bonding & Surety Co.* v. *Karatz*, 262 U. S. 77, 85; *Pusey & Jones Co.* v. *Hanssen*, 261 U. S. 491, 500. He applied to it for a modification of the order so that he might prosecute his action in the state court; and he sought to have the receiver directed to contest or liquidate the claim there. The denial by the District Court of that motion, and the contention by the receiver that the judgment later recovered in the state court is not to be accepted in the receivership proceedings as conclusive proof of the existence and amount of Margolies' claim, have been the subject of four decisions by the Circuit Court of Appeals for the Second Circuit. The last of them only is here for review; but what happened earlier must be stated. The record of the proceedings is fragmentary, but supplemented by the opinions of the Court of Appeals shows the following:

On the first appeal, *Hatch* v. *Morosco Holding Co.*, 5 F. (2d) 1015, the unanimous court reversed with costs, as " a plain violation of § 265 of the Judicial Code," the refusal of the District Court to permit Margolies to prosecute his claim in the state court. In doing so, the ap-

pellate court said: "A direction will, however, be included in our mandate, and in the order to be entered thereupon, that should any judgment be entered in said action in the State court, such judgment shall not be taken to be a liquidation of any claim filed or capable of being filed under the judgment [*sic*] creditors' bill herein, or as in any way affecting the right of the receiver to contest the claim so reduced to judgment *de novo*. Nothing, however, in our mandate shall be taken to prevent the court below permitting liquidation of Margolies' claim by suit in the state court, should it prefer so to do."

Upon the coming down of the mandate, Margolies moved in the District Court that the receiver be directed to liquidate the claim in the action pending in the state court. The motion was denied. Thereupon, formal notice of trial of that action was served upon both the receiver and the attorney of record of the Company. Neither appeared at the trial. Judgment by default was taken against the Company; and upon an inquest as to the amount of the damages, judgment was entered in the sum of $55,283.88 which included interest and costs. Thereupon, Margolies moved in the Circuit Court of Appeals that its mandate on the first appeal be recalled and corrected, so that the receiver should not be permitted to try *de novo* in the District Court the issue on his claim. This motion was denied by the Circuit Court of Appeals, apparently without an opinion.

Margolies then filed in the District Court his verified proof of claim; and at a hearing thereon had before a special master presented an exemplified copy of the judgment in the state court. The receiver thereupon announced his election "to have the claim tried *de novo*"; the master recommended that the claim be dismissed "upon the authority of the opinion of the Court of Appeals," and the District Court ordered that Margolies' claim be dismissed. This order was the subject of another

appeal by Margolies. *Hatch* v. *Morosco Holding Co., Inc., Appeal of Margolies,* 19 F. (2d) 766. There the court held, by a majority decision, that the direction in the mandate to the effect that any judgment recovered in the state court should not affect the right of the receiver to contest the claim *de novo* in the federal court had been improvidently made. It, therefore, reversed the judgment of the District Court and remanded the cause for further proceedings.

At the hearing then had before the special master Margolies put in evidence the judgment and rested. The receiver offered to prove that the claim was less than the amount of the judgment. The master excluded the evidence and recommended that judgment be entered for the full amount save for a small deduction directed by the Circuit Court of Appeals on the interest allowed by the state court, which is not challenged here. His report was confirmed by the District Court. The receiver appealed to the Circuit Court of Appeals. It affirmed the judgment, *Hatch* v. *Morosco Holding Co., Inc., Ex parte Margolies,* 26 F. (2d) 247; but, in doing so, said: "A majority of the court, as it is now constituted, think that our first decision impairs the jurisdiction of the District Court over assets already in its custody when the judgment of the state court was entered. They believe that liquidation of claims is a part of the distribution of the estate, since it determines how much each creditor shall get, and that the distribution of the estate is part of what is usually understood as jurisdiction over the res. However, the former decision was reached after unusual deliberation and full presentation of all the questions involved. If it is to be changed, only the Supreme Court may do so; in the same case and on the same claim the first ruling must stand." This Court then granted a writ of certiorari. 278 U. S. 591. We are of opinion that the

view there expressed by the majority is erroneous and that the judgment should be affirmed.

The appointment of a receiver of a debtor's property by a federal court confers upon it, regardless of citizenship and of the amount in controversy, federal jurisdiction to decide all questions incident to the preservation, collection and distribution of the assets. It may do this either in the original suit, *Rouse* v. *Letcher,* 156 U. S. 47, 49–50, or by ancillary proceedings, *White* v. *Ewing,* 159 U. S. 36. Compare *Kelley* v. *Gill,* 245 U. S. 116, 119. And it may, despite § 265 of the Judicial Code, issue under § 262 or otherwise, all writs necessary to protect from interference all property in its possession. *Julian* v. *Central Trust Co.,* 193 U. S. 93, 112. But the appointment of the receiver does not necessarily draw to the federal court the exclusive right to determine all questions or rights of action affecting the debtor's estate. *Calhoun* v. *Lanaux,* 127 U. S. 634, 637–639. This is true, *a fortiori,* as to the subject matter of a suit pending in a state court when the receivership suit was begun. Compare *Haines* v. *Carpenter,* 91 U. S. 254. The rule that, when the jurisdiction of a court, and the right of a plaintiff to prosecute his suit in it, have once attached the right cannot be restrained by proceedings in any other court, applies to protect the jurisdiction of the state court unless the case is within some recognized exception to § 265 of the Judicial Code. Compare *Hull* v. *Burr,* 234 U. S. 712, 723; *Wells Fargo & Co.* v. *Taylor,* 254 U. S. 175, 182–184; *Essanay Film Co.* v. *Kane,* 258 U. S. 358, 361; *Atchison, Topeka & Santa Fe Ry. Co.* v. *Wells,* 265 U. S. 101, 103. Here there is no basis for any such exception.

The contention that the judgment is not conclusive rests upon the argument that, because the appointment of the receiver draws to the appointing court control of the assets, and in the distribution of them among creditors

there is necessarily involved a determination both of the existence of the claim and of the amount of the indebtedness, the federal court must have the exclusive power to make that determination. The argument ignores the fact that an order which results in the distribution of assets among creditors has ordinarily a twofold aspect. In so far as it directs distribution, and fixes the time and manner of distribution, it deals directly with the property. In so far as it determines, or recognizes a prior determination of the existence and amount of the indebtedness of the defendant to the several creditors seeking to participate, it does not deal directly with any of the property. The latter function, which is spoken of as the liquidation of a claim, is strictly a proceeding *in personam.* Of course, no one can obtain any part of the assets, or enforce a right to specific property in the possession of a receiver, except upon application to the court which appointed him. *Lion Bonding & Surety Co.* v. *Karatz,* 262 U. S. 77, 88-9. But the judgment of the state court does not purport to deal with the property. The sole question involved there was the existence and amount of Margolies' claim against the corporation. And the sole question involved here is the proof of that claim. There is no inherent reason why the adjudication of the liability of the debtor *in personam* may not be had in some court other than that which has control of the *res.* It is only necessary that in the receivership proof of the claim be made in an orderly way, so that it may be established who the creditors are and the amounts due them.

The power to fix the time for distribution may include the power, in the exercise of judicial discretion, to decline to postpone distribution awaiting disposition of litigation in another court over a contested claim. Compare *Wm. Filene's Sons Co.* v. *Weed,* 245 U. S. 597, 602; *Pennsylvania Steel Co.* v. *New York City Ry.,* 229 Fed. 120. But there is no reason why the character of the proof

required in the receivership suit for any purpose should be different from that which would have been required had the judgment in the state court been rendered prior to the appointment of the receiver; or from that which would be required if an independent suit on the judgment were brought in the federal court. It would hardly be doubted that a final judgment, recovered in a state court prior to the commencement of the receivership suit, would establish conclusively the existence and amount of the claim against the debtor, if later a decree were entered in the federal court distributing the funds in the receiver's hands among its creditors. Whether such a judgment recovered in a suit commenced after the appointment of the receiver would operate as *res judicata* we need not consider. For Margolies' suit was begun before. He had, under § 265 of the Judicial Code, the right to prosecute that suit to judgment despite the institution later of the receivership proceedings. He must have, as an incident thereof, the further right to have it accepted therein as an adjudication of the existence of the indebtedness. The fact that neither the Company nor the receiver undertook to defend in the state court is, in this connection, immaterial. A judgment of a court having jurisdiction of the parties and of the subject matter operates as *res judicata,* in the absence of fraud or collusion, even if obtained upon a default. *Last Chance Mining Co.* v. *Tyler Mining Co.,* 157 U. S. 683, 691. Compare *Northern Pacific Ry. Co.* v. *Slaght,* 205 U. S. 122.

The establishment of a claim constituting the basis of the right to participate in the distribution of property in the possession of one court is often conclusively determined by a judgment obtained in another court. Thus, a judgment of a federal court may establish conclusively the fact which entitles one to share in a decedent's estate in course of administration in a state court. *Yonley* v. *Lavender,* 21 Wall. 276; *Hess* v. *Reynolds,* 113 U. S. 73;

*Byers* v. *McAuley,* 149 U. S. 608, 620; *Waterman* v. *Canal-Louisiana Bank,* 215 U. S. 33. Under the Bankruptcy Act of 1867, a judgment against the debtor rendered in a suit in a state court pending at the time of the commencement of the bankruptcy proceedings established conclusively in bankruptcy the existence and amount of the debt provable against the estate. *Norton* v. *Switzer,* 93 U. S. 355, 363–364. Compare *Hill* v. *Harding,* 107 U. S. 631. A judgment in a state court against a receiver, pursuant to § 66 of the Judicial Code, establishes conclusively the right to payment from the funds of the receivership, although the Act makes the suit in the state court " subject to the general equity jurisdiction of the court in which such manager or receiver was appointed so far as the same shall be necessary to the ends of justice." [1] Where a receivership of a national bank is appointed by the Comptroller of the Currency, a judgment entered after the appointment in an action commenced in a state court before the appointment is binding upon the receivers as well as upon the bank. *Speckert* v. *German National Bank,* 98 Fed. 151, 154.

The rule that the appointment by a federal court of a receiver on a creditor's bill gives it no right to stay a suit then pending in a state court and that the judgment *in personam* thereafter recovered therein in the state court against the debtor must be held to have established conclusively the existence and amount of the claim for the purpose of proof in the federal court, and will enable the claimant to participate in a distribution among creditors

---

[1] *Central Trust Co.* v. *St. Louis, Arkansas & Texas Ry. Co.,* 41 Fed. 551; *Dillingham* v. *Hawk,* 60 Fed. 494; *St. Louis S. W. Ry. Co.* v. *Holbrook,* 73 Fed. 112; *Willcox* v. *Jones,* 177 Fed. 870; *Manhattan Trust Co.* v. *Chicago Electric Traction Co.,* 188 Fed. 1006; *American Brakeshoe & Foundry Co.* v. *Pere Marquette R. R. Co.,* 263 Fed. 237, 278 Fed. 832; *International & Great Northern Ry. Co.* v. *Adkins,* 14 F. (2d) 149.

of the debtor's property ordered therein, has long been applied in some of the lower federal courts.[2] No case has been found in which the right has been denied. A like rule has been appll d in state courts.[3] In *Pendleton* v. *Russell*, 144 U. S. 640, 644, it was sought to prove against funds of a dissolved corporation in the hands of a receiver appointed by a court of New York a judgment recovered in Tennessee after the dissolution. The proof was disallowed because the dissolution had operated, like death, as an abatement of the suit. But the court said: "Had the original judgment of the Circuit Court of the United States been affirmed, instead of being reversed, it having been rendered when the insurance company was in existence, it would have stood as a valid claim against the assets of that company after its dissolution."

There are some cases arising under the Bankruptcy Act and some under state insolvency laws in which a judgment recovered in the state court was held not to

[2] *Mercantile Trust Co.* v. *Pittsburg & Western R. R. Co.*, 29 Fed. 732; *Pine Lake Iron Co.* v. *Lafayette Car Works*, 53 Fed. 853. Compare *Shelby* v. *Bacon*, 10 How. 56, 69–70; *Wilder* v. *City of New Orleans*, 87 Fed. 843, 848; *Anglo-American Land, etc. Co.* v. *Cheshire Provident Institution*, 124 Fed. 464, 466; *Pennsylvania Steel Co.* v. *New York City Ry. Co.*, 161 Fed. 786, 787; *United States* v. *Illinois Surety Co.*, 238 Fed. 840, 846; *International & Great Northern Ry. Co.* v. *Adkins*, 14 F. (2d) 149, 152.

[3] *Pringle* v. *Woolworth*, 90 N. Y. 502; *Taylor* v. *Gray*, 59 N. J. Eq. 621; *St. Louis, B. & M. Ry. Co.* v *Green*, (Texas Civil Appeals) 183 S. W. 829, 833. See "Judgment Claims in Receivership Proceedings" by Judge John K. Beach, 30 Yale Law Journal 674. Compare *Central Trust Co.* v. *D'Arcy*, 238 Mo. 676, where the rule was applied to proof under an assignment for the benefit of creditors; *Matter of Empire State Surety Co.*, 216 N. Y. 273, 283. See *contra Evans* v. *Illinois Surety Co.*, 319 Ill. 105, in which the difference between an equity receivership and receivers under bankruptcy or insolvency laws was not referred to. Cases like *In re New Jersey Refrigerating Co.*, 97 N. J. Eq. 358, where both actions are brought in courts of the same State, depend, of course, upon the local law.

228

be conclusive in the bankruptcy or insolvency proceedings. Thus, it has been held by some lower federal courts that a judgment recovered after institution of bankruptcy proceedings in an action commenced in a state court prior thereto, on a claim to which the limited power to stay action in a state court conferred by § 11 of the Act of July 1, 1898, c. 541, 30 Stat. 549, applies, is not to be accepted in bankruptcy as conclusive proof of the claim.[4] Similarly it has been held, where a statutory proceeding for the winding up of an insolvent corporation is brought in the State of the incorporation, that the assets will be distributed only among those persons who have been found to be creditors either by that court or elsewhere with its leave; and that a judgment recovered in another State without leave from it will not entitle the plaintiff to share in the assets.[5] These decisions are not inconsistent with the conclusion stated above. They have no application to receiverships in a federal court sitting in equity, which lacks the power to stay an action in the state court. Margolies had the absolute right to prosecute his claim to judgment in the state court; the order of the District Court staying its prosecution was properly dissolved; and the judgment entered there is conclusive as between the parties and their privies in the federal court. *Kline* v. *Burke Construction Co.,* 260 U. S. 226, 230, 233.

*Affirmed.*

---

[4] *In re Hoey, Tilden & Co.,* 292 Fed. 269, 271; *In re James A. Brady Foundry Co.,* 3 F. (2d) 437; *In re Barrett & Co.,* 27 F. (2d) 159. Whether that is the correct rule we have no occasion to consider. See contra *In re Buchan's Soap Corp.,* 169 Fed. 1017. Compare *Hobbs* v. *Head & Dowst Co.,* 184 Fed. 409; *In re Benwood* Brewing Co., 202 Fed. 326, 327–8; *In re Havens,* 272 Fed. 975; *In re Rothenstein,* 276 Fed. 704; *In re Kelley,* 297 Fed. 676; *In re Winter,* 17 F. (2d) 153.

[5] *Attorney General* v. *Legion of Honor,* 196 Mass. 151; *Hackett* v *Legion of Honor,* 206 Mass. 139, 142.