**In re EPSTEIN.**

**No. 77909.**

District Court, S. D. New York.

July 24, 1942.

Harry Goodman, of New York City, for bankrupt.

Sydney A. Neuman, of New York City, for respondent.

BRIGHT, District Judge.

The bankrupt asks for an order permanently enjoining and restraining Herman Cohen, a judgment creditor, from seeking to enforce his judgment. The bankrupt was discharged as such on August 26, 1941. The judgment creditor in September, 1933, had obtained a judgment in the Municipal Court in the Borough of Brooklyn, for $151.23. That judgment and creditor were scheduled among the list of creditors in the bankruptcy proceeding, the address given being 1723—62nd Street, Brooklyn, N. Y. As a matter of fact, the creditor lived at 1727—62nd Street. The notices in the bankruptcy proceeding which were mailed to him were never delivered and it is said were returned to the bankruptcy court.

After the discharge, and on October 16, 1941, the judgment creditor moved before the Municipal Court for leave to issue execution. Although the bankrupt opposed the motion, it was granted, and a garnishee order was issued and served upon the bankrupt's employer. The bankrupt thereupon moved in this court for an order staying proceedings under the garnishee, and Judge Clancy denied the application, stating that the bankrupt had submitted to the Municipal Court the question of fact upon which the creditor's status as an alleged party in the bankruptcy proceeding depended and had been defeated, and he saw no reason why that question should be decided anew by him. The bankrupt then moved for reargument of his motion in the Municipal Court, and the question of whether or not the creditor had received notice was referred to an official referee, who found that he had. The Municipal Court granted the reargument, affirmed that finding, and set aside the garnishee order. Upon appeal by the creditor to the Appellate Term, the order granting the reargument was reversed upon the law, the court writing that the motion for reargument had been made too late. Cohen v. Epstein,[1] decided May 28, 1942.

This court has power to entertain the present proceeding, and to enjoin the judgment creditor from his threatened interference with the discharge, providing facts are shown justifying it in doing so. It does not follow that the court is bound to exercise its authority. And it probably would not and should not do so except under unusual circumstances. Local Loan Co. v. Hunt, 292 U.S. 234, 241, 54 S.Ct. 695, 78 L.Ed. 1230, 93 A.L.R. 195. In re Devereaux, 2 Cir., 76 F.2d 522, 523, certiorari denied 296 U.S. 589, 56 S.Ct. 100, 80 L.Ed. 416.

In the Devereaux case, the bankrupt, applied to the State Court to cancel a judgment rendered in an action for a false imprisonment and malicious prosecution. The State Court denied the application, holding that the judgment was for a "willful and malicious" injury and not affected by the discharge in bankruptcy. The debtor then applied to this court for a restraining order, which was granted, and on appeal, reversed, Judge Swan citing the Hunt case, stating:

"Here the bankrupt voluntarily initiated a proceeding in the state court to have his discharge adjudicated a bar to collection of the judgment; the judgment creditor appeared and contested; and the court found the facts and the law against the bankrupt's claim that the judgment was released. To permit the same issue to be relitigated in the bankruptcy court, while the order of the state court remains unreversed, is contrary to the most elementary principles of res judicata and the comity which exists between federal and state courts. Compare Riehle v. Margolies, 279 U.S. 218, 225, 49 S.Ct. 310, 73 L.Ed. 669.

"This is not a case where the bankruptcy court has exclusive jurisdiction of the subject-matter of the litigation so that the state court's action might be disregarded. Concededly the state courts had jurisdiction, and if they failed to apply correctly the provisions of the Bankruptcy Act [11 U.S.C.A. § 1 et seq.] could have been set right by a writ to the Supreme Court. * * * We cannot extend the principle of Local Loan Co. v. Hunt, supra, to mean that whenever a state court is alleged to have determined erroneously that a creditor's debt is not released by the bankrupt's discharge, the latter may come into the bankruptcy court and have the issue re-

[1] No opinion for publication.

tried. Accordingly the bankrupt's petition should have been dismissed without entering upon the merits of the effect of the discharge."

■ This case seems to be decisive of the present motion. Of course, no application has yet been made under Section 150 of the New York State Debtor and Creditor Law, Consol. Laws N. Y. c. 12, to cancel the judgment. The year from the date of the discharge provided for in that section has not yet expired; but the court in which the judgment was entered has already made a ruling upon the subject. In re Stoller, D. C., 25 F.Supp. 226.

The motion is, therefore denied, but without prejudice to any other remedy which the bankrupt may have in the state court.