ANGEL ROSADO MARRERO, Appellant, *v.* REGISTRAR OF PROPERTY OF BAYAMÓN, Respondent.

No. 1242. Submitted April 4, 1949.—Decided June 13, 1950.

*enigno Dávila* for appellant. The Registrar did not appear. *Rafael R. Fuertes, Félix Bello,* and *A. Sandín del Manzano,* for Planning Board, as *amicus curiae.*

R. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of the Court.

Angel Rosado Marrero, appellant herein, brought an action on execution of deeds in the District Court of Bayamón against the heirs of Paula Rosado Marrero and other defendants. In the judgment for the appellant it was established as to the defendants first mentioned that on June 3, 1926 and by public deed No. 41 executed before Notary Ignacio Morales Acosta—and recorded in the Registry of Property of Bayamón—the appellant purchased from Julia, Evangelista, Juana, Dolores, Julio, Nicolás, Lucía, Eliseo, Tomasa, and Ramón Rosado Marrero their condominia shares, rights and interest which the latter heirs, appellant, and the heirs' predecessor owned jointly and undividually in a 5.16-cuerda farm located in Abras Ward, in Corozal. It was established, likewise, that the deceased Paula Rosado Marrero

was the only co-owner who did not sell her share in said farm, having agreed with the appellant that as a payment for her share in the farm she would have a strip of .39 cuerda segregated from it, which was done, and which was owned by Paula Rosado Marrero until her death on February 28, 1938, passing then to her heirs. The judgment ordered the heirs to execute the corresponding deed ratifying the subdivision and segregation of the .39-cuerda lot and in their default that it should be done by the marshal in their name. The marshal did so and upon presenting it to the Registry of Property of Bayamón, the Registrar refused to record it ". . . for failure to attach a document showing the approval of the Puerto Rico Planning, Urbanizing and Zoning Board . . ."

The present appeal was taken from this decision. The appellant argues that the Registrar erred in refusing to record the deed on the ground stated in his note, since a judgment from a competent court showing that the segregation had in fact existed prior to the effective date of the Subdivision Regulations is sufficient and makes it unnecessary to present any document from the Board on that matter.

The respondent Registrar did not appear, but we admitted the Board as *amicus curiae*. The latter, in an elaborate brief, supports the Registrar's action based on the fact that it is the duty of the registrar and not of the court to determine whether a segregation in fact existed prior to the enforcement of the Subdivision Regulations since the interested party may under § 26 of the Act resort to this Court for a review of the adverse decisions of the Board.

The judgment appealed from clearly shows that the lot of 5.16 cuerdas involved herein was owned jointly and undividedly by the twelve brothers and sisters among which were the appellant herein and the heirs' predecessor in the action before the District Court of Bayamón. Said community of property—§ 326 of the Civil Code, 1930 ed.—became common ownership between said deceased and the appellant

when all the others sold to the latter their undivided shares, both co-owners agreeing then to divide the thing held in common—§ 334 of the Civil Code—whereupon the aforesaid .39-cuerda lot was given to said deceased.

We find nothing in Act No. 213 of 1942, as amended, which deprives the district courts, which are courts of general jurisdiction, of the·faculty or jurisdiction to decide, as an incident to the matter in issue submitted to judicial determination,.a controversy necessarily involved in said matter which took place prior to September 4, 1944,[1] the date on which the Subdivision Regulations became effective. The action brought by appellant in the District Court of Bayamón sought the execution of a deed which was not executed as a step or prerequisite to the partition of the common property, after both co-owners had agreed on the division and adjudication of their corresponding shares. In order to deprive courts of general jurisdiction of their authority to determine a controversy which concerns the courts and to place said jurisdiction in a special court or administrative body, it must be expressly provided by the statute, or necessarily implied therein. *Moore* v. *Illinois Central Railroad Co.*, 312 U. S. 630, 85 L. ed. 1089.[2] Unless it is so stated or implied courts of general jurisdiction are competent to hear, incidentally and within any cause of action within their jurisdiction, all the necessary facts for disposing of the case. After the question is decided, as in this case, registrars must accept as correct and sufficient the judgment as to the conclusions of fact reached by the court and cannot substitute their judgment for that of the district court, *Wilcox* v. *Registrar*, 67 P.R.R. 445; *Santos* v. *Registrar*, 64 P.R.R. 762; *Herrero* v. *Registrar*, 63 P.R.R. 681; *Valiente* v.

---

[1] *Matos* v. *Planning Board*, 66 P.R.R. 417, as to what was decided therein after the Board's decision was reversed, is no precedent for this case. Likewise, *Rivera* v. *Registrar*, 64 P.R.R. 440.

[2] We do not advance anything on a case similar to the one at bar where the question of fact involved has arisen subsequent to the effective date of the Subdivision Regulations.

*Registrar*, 63 P.R.R. 143, notwithstanding the fact that the judgment was obtained as, herein, by default, for in the absence of fraud or collusion, a judgment of a court having jurisdiction of the subject matter and of the parties, operates as res judicata. *Morris* v. *Jones*, 329 U. S. 545, 99 L. ed. 488; *Riehle* v. *Margolies*, 279 U. S. 218, 73 L. ed. 669.

The ruling of the Registrar will be reversed and the recording of the segregated lot ordered.