**W. T. HUDSON et al., Appellants,**

v.

**GRAND DEPOSIT MINING COMPANY, a Nevada corporation, et al., Appellees.**

**No. 71-2376.**

United States Court of Appeals, Ninth Circuit.

April 21, 1972.

 

———◆———

W. Howard Gray, Earl M. Hill of Gray, Horton & Hill, Reno, Nev., for appellants.

Eugene C. Tidball, Clayton J. Parr, Scott M. Matheson, Salt Lake City, Utah, Casey W. Vlautin, Woodburn, Forman, Wedge, Blakeley, Folsom & Hug, J. Rayner Kjeldsen, Reno, Nev., William M. Hardy, San Jose, Cal., John M. Barry of Barry & Hall, Reno, Nev., William G. Fowler, Salt Lake City, Utah, John A. Taylor, Las Vegas, Nev., Paul B. Cannon, Salt Lake City, Utah, for appellees.

Before MERRILL, KILKENNY and TRASK, Circuit Judges.

KILKENNY, Circuit Judge:

Appellants appeal from an adverse order of the district court approving a petition to compromise and settle a dispute with reference to a lease. We affirm.

## FACTS

Brushing aside the non-relevant skirmishes of counsel, the controlling facts though extensive, are relatively simple. Appellee, Comet Coalition Mines Company (Comet) owns certain mining property in Nevada. In 1956, it leased the property to Combined Metals Reduction Company (Combined) and, in 1965, it approved an assignment of the lease to Combined and Grand Deposit Mining Company (Grand). The latter then formed a joint-venture known as the Grand Panam Company (Grand Panam). The lease was later renewed for a five year term, expiring on December 1, 1971. After operating the mining property for approximately two and one-half years, the principals to the joint-venture were faced with insolvency, due, among other things, to a strike in the non-ferrous metals industry.

Later, a proceeding was instituted in the United States District Court for the District of Nevada and a receiver was appointed for Combined. In August, 1968, Comet notified Combined and Grand that the lease on the mining property had been materially breached and that it would be terminated, pursuant to its terms, if the breaches were not cured within 60 days. During the 60-day period, no effort was made to correct the breaches. For that matter, neither Grand, Grand Panam nor the receiver for Combined was in a financial position to remedy the breach by paying the rental and taxes due. On November 8, 1968, the appellants (Hudson Group), stockholders of Grand filed complaint in the same court asking that Comet be restrained from terminating the lease. Comet filed an answer in that proceeding challenging the contentions of Hudson Group and there filed a cross-complaint against Grand and Combined demanding possession of the leased premises, alleging several material breaches of the lease.[1] On November 27th, in the same proceeding, the person previously

---

1. Non-payment of rental, taxes and required assessment work.

appointed for Combined was appointed receiver for Grand.

On the 20th of February, 1969, after a review of the nature of all proceedings then pending, the district judge entered an order[2] consolidating the pending actions and fixing March 3, 1969, as the time for a hearing on all issues then pending. At the opening of the hearing, the district judge announced that he had read the briefs filed by the respective parties. All parties were there represented by counsel and a number appeared in person. One witness was called. Four exhibits were introduced and the cause taken under submission. While the cause was under submission, Comet's claim for rentals due, prior to receivership, in the sum of $15,482.54 was approved by the court. During the receivership, Comet had continued to pay all current taxes and had performed all assessment work on the property at an overall cost of $51,975.10. Subsequently, and at a time when the issues dealing with the cancellation of the lease were still under submission, the receiver for Grand and Combined filed, in the consolidated proceedings, a petition to compromise and settle the disputed issues. On March 26, 1971, the court held a hearing on the petition to compromise. All parties, including appellants, were represented by counsel at this hearing. At that time, counsel for the respective parties stipulated that all of the records, evidence and testimony in all the previous proceedings should be considered by the court in deciding whether to approve the offer. On May 28, 1971, the court entered detailed findings of fact and conclusions of law in which it found

and concluded that the compromise and settlement agreement should be approved and the lease should be terminated. It is from this order, findings and conclusions that appellants prosecute this appeal.

### ISSUES

Properly stated, the issues are:

(1) whether the district court had authority to approve the compromise and settlement and terminate the lease and

(2) whether the district court abused its discretion in approving the compromise settlement.

(1) Although appellants' principal argument is based on the misconception that the district court *forfeited* the lease, and we could affirm the judgment by saying that the court took no such action, we prefer to decide the appeal on the merits.

Simply stated, the district court approved a compromise settlement between Comet, the lessor, and the receiver, representing the interests of the lessee Combined, the assignee Grand and the joint-venture known as the Grand Panam. Nowhere, do appellants argue that the receiver was without authority to represent the insolvents or to petition the court for approval to compromise and settle the pending issues. True enough, one of the principal issues was whether the lease should be forfeited by reason of failure to pay rental and taxes and do the necessary assessment work. However, the court never reached that issue. To the contrary, after a hearing in which all parties were represented, the court on all of the evidence before it, and now before us, decided that it was

2.  *   *   *   *   *
"It further appearing that it would be in the best interest of all parties if the foregoing matters should be consolidated for hearing and determination by the court, there being common matters of fact and of law, and good cause appearing therefor, it is hereby

ORDERED, that the petition of Charles A. Steen seeking an order restraining Comet Coalition Mines Company from terminating said lease agreement, filed in

Civil No. LV 1157, and the motion of Comet Coalition Mines Company to enjoin the receiver from mining the property subject to said lease agreement filed in Civil No. LV 1157, and all related matters raised by the pleadings in Civil No. LV 1157 and Civil No. LV 1221, be, and the same hereby are, consolidated for hearing and determination; and, it is further . . ."
    *   *   *   *   *

in the best interests of all concerned that the compromise and settlement agreement be approved and that upon payment to Combined, Grand and Grand Panam, as their interest might appear, of the sum of $10,000.00 and the additional payment to the receiver of the same such group, of 1% of the net smelter returns from the property in question to a total amount not to exceed $40,000.00, that all claims of Comet against Combined, Grand and Grand Panam be withdrawn, that the lease be terminated and that thereafter Combined, Grand and Grand Panam would have no interest in the property. The court did not forfeit the lease. It merely approved a compromise and settlement of the pending issues.

Appellants objected to the proposed compromise and settlement on the ground that Grand would only receive a small amount of money and would lose its interest in the lease. They there invited the court to direct the receiver to try to interest some third party in financing the rehabilitation and reopening of the mill and mine under the lease, but at no time did they offer to pay the delinquent interest and taxes, nor to reimburse Comet for its expenditures in connection with the required assessment work.

Our review of the record convinces us that the findings of the district court are not clearly erroneous. In these circumstances, Rule 52(a), F.R.Civ.P., precludes us, even though we were so inclined, from challenging the validity of the findings. The jurisdiction of the district court over the subject matter being unquestioned, Riehle v. Margolies, 279 U.S. 218, 223, 49 S.Ct. 310, 73 L.Ed. 669 (1929), and the appellants having actively participated, we conclude that the court had full power and authority to approve the compromise and settlement and terminate the lease.

(2) The suggestion that the district court should not have exercised its discretion in favor of approving the compromise and settlement is rejected and is completely without merit. To have failed to approve on the record before us might well be an abuse of discretion. SEC v. Arkansas Loan & Thrift Corp., 427 F.2d 1171, 1172 (8th Cir. 1970), is in point.

Judgment affirmed.