**In re K & H ENTERPRISES, LTD., Debtor.**

**BACHE HALSEY STUART SHIELDS, INCORPORATED, Plaintiff,**

v.

**K & H ENTERPRISES, LTD., Defendant.**

**Bankruptcy No. 82–0042.**

United States Bankruptcy Court, D. Hawaii.

June 16, 1982.

Scott R. Nakagawa, Honolulu, Hawaii, for defendant.

Diane Hosaka, Honolulu, Hawaii, for plaintiff.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

JON J. CHINEN, Bankruptcy Judge.

A Complaint for Relief from Stay was filed by plaintiff Bache Halsey Stuart Shields, Incorporated (hereafter "Bache") on March 10, 1982, pursuant to 11 U.S.C. § 362(d), on the grounds that the debtor K & H Enterprises, Ltd., (hereafter "K & H") had no equity in the leasehold interest to certain premises located at 1944 Kalakaua Avenue, Honolulu, Hawaii; that the leasehold was not necessary to an effective reorganization; and that Bache was not adequately protected. Bache prayed for an order lifting the stay to permit Bache to foreclose on the debtor's interest in said leasehold. Bache also prayed for the appointment of a trustee pursuant to 11 U.S.C. § 1104.

A preliminary hearing was held on April 8, 1982 and trial on the matter was held on May 3rd and 4th, 1982. On May 4, 1982, after counsel had been given an opportunity to file memoranda and present oral argument on the issue of whether the default judgment obtained by Bache against K & H in state court was *res judicata* in bankruptcy court proceedings, the Court held that *res judicata* applied.

Based upon the evidence adduced at trial, the arguments of counsel, the memoranda, and the records and files herein, the Court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. Plaintiff Bache Halsey Stuart Shields, Incorporated is a Delaware corporation doing business in the State of Hawaii.

2. George Hong Yung Young and Ellen Ching Young as Trustees, (hereafter the "lessors") are the owners and lessors of that certain real property located at 1944 Kalakaua Avenue, Honolulu, Hawaii, TMK 2–6–

14–4. Said property was leased to Jesse H. Hotchkiss pursuant to a Master Lease for a term of 15 years from October, 1967 to October 14, 1982.

3. On or about August, 1978, an Amendment of Lease (hereafter "Amendment") was executed by the lessors, Pacific Innkeepers Corporation, lessee, and K & H, purchaser, of said lease whereby the lessors granted the lessee or purchaser an option to renew said lease for two four-year periods provided that the lessee or purchaser complied with all the covenants of the Master Lease and made improvements on the property prior to the expiration of the lease term as provided in paragraph 3 of the Amendment.

4. Paragraph 3 of the Amendment provided as follows:

> Construction of Improvements. Prior to the completion of the present term, and as a condition to any extension, Lessee or Purchaser shall be obligated to construct improvements on the property at an invoice cost of not less than $75,000.00 or an appraised value of $150,000.00 based upon either replacement value or a capitalization of increased earnings produced. Appraisal shall be by a licensed MAI.

5. On or about January 13, 1981, Pacific Innkeepers Corporation assigned all its right, title and interest in the lease to K & H.

6. On or about 1978, by an Agreement of Sale, K & H purchased the business operated at 1944 Kalakaua Avenue, Honolulu, Hawaii, known as the "Tiki Torch" and operated said business on the premises until June, 1981. The "Tiki Torch" ceased operating in June, 1981.

7. Bache sued K & H and Gary Henig in the Circuit Court of the First Circuit, State of Hawaii, Civil No. 62240, and obtained default judgment on September 5, 1980 against K & H in said civil proceedings. The default judgment was entered in the total amount of $22,377.00, plus interest, costs and reasonable attorney's fees.

8. Said default judgment was filed with the Assistant Registrar of the Land Court, State of Hawaii, and registered on Transfer Certificate of Title No. 196,418, on November 6, 1981. Transfer Certificate Title No. 196,418 is the TCT for the Debtor's property situated at 1944 Kalakaua Avenue, Honolulu, Hawaii.

9. On or about January 12, 1982, K & H moved in state court to have said default judgment set aside. Said motion was denied; no appeal was taken therefrom and the appeal period has expired.

10. Sometime in December 1981, K & H tore down or caused to be torn down, all but two walls of the building on the premises. K & H poured concrete in the area where the building formerly stood and began repainting, reroofing and renovating the remaining portion of the building.

11. The leased premises is situated in the Waikiki Special Design District in an area designated as a Waikiki Gateway. As such, the premises are governed by the strict building and design requirements of City and County Ordinance No. 4573.

12. In order to construct a building or structure on the premises, K & H is required to obtain a building permit. K & H is also required to obtain a Development Conformance Certificate (DCC) prior to construction. In order to obtain a DCC, K & H must submit design and building plans.

13. K & H failed to submit building and design plans to the City and County prior to construction and failed to apply for and obtain a DCC.

14. K & H has been informed of the requirements of Ordinance No. 4573 but to date has not filed design or building plans nor applied for and obtained the necessary DCC and building permit.

15. On or about February, 1982, the City and County of Honolulu filed a motion in the Circuit Court of the First Circuit in S.P. 5737 for a temporary restraining order against the lessors and K & H to prevent further construction on the premises. On or about February 25, 1982, K & H entered into a stipulation whereby it agreed to be permanently enjoined from constructing or making further improvements on said premises without obtaining a DCC and a building permit.

16. The City and County has also alleged in those proceedings that the property encroaches approximately 7 feet onto city property along Niu Street.

17. K & H is presently prohibited from utilizing the premises for commercial use until it has applied for and obtained the necessary permits from the City and County of Honolulu.

18. The Debtor intends to use the subject property to create a flea market. Under this plan, the Debtor will rent spaces on the subject property to individual tenants. If this plan is fully implemented, the Debtor expects to realize $24,000.00 per month in gross receipts from rentals.

19. A sheriff's sale of K & H's leasehold interest was scheduled for February 19, 1982. On February 17, 1982, K & H filed a voluntary petition for reorganization pursuant to Chapter 11 of the U. S. Bankruptcy Code.

20. The only asset of the Debtor corporation is K & H's leasehold interest in said property.

21. In January, 1982, an appraisal was performed of K & H's leasehold interest in said property by a licensed appraiser, Norman K. F. Mau. The effective date of the appraisal was March 1, 1982.

22. In a written report the appraiser concluded that the value of the leasehold, with and without two four-year option provisions, was "marginal" or "0"; that any commercial use of the premises was limited to that of either parking lot or open storage; and that the construction then in progress would not satisfy the requirements of paragraph 3 of the Amendment.

23. The appraiser testified that the term "improvements" in Paragraph 3 of the Amendment means an increase in the value of the property and not merely money expended to repair, maintain, or reconstruct portions of the premises. He further testified that the destruction of the building had decreased the value of the property in the amount of $16,206.00.

24. The appraiser concluded that it was very unlikely that K & H would be able to exercise the first four-year option.

25. These Findings of Fact insofar as they are Conclusions of Law, are incorporated in the Conclusions of Law as hereinafter stated.

## CONCLUSIONS OF LAW

1. The default judgment obtained by Bache in *Bache Halsey Stuart Shields Incorporated v. Gary D. Henig and K & H Enterprises, Ltd.*, Civil No. 62240 in Circuit Court of the First Circuit is *res judicata* in proceedings before the U. S. Bankruptcy Court, pursuant to 11 U.S.C. § 362(d).

2. In *Riehle v. Margolies*, 279 U.S. 218, 49 S.Ct. 310, 73 L.Ed. 669 (1929), the United States Supreme Court stated that "[a] judgment of a court having jurisdiction of the parties and of the subject matter operates as *res judicata*, in the absence of fraud or collusion, even if obtained upon a default." *Id.* at 225, 49 S.Ct. at 313. K & H has not asserted the existence of any fraud or collusion in the state court action.

3. Bache became a lien creditor of K & H as of November 6, 1981, and as such is a "party in interest" with standing to seek a relief from the automatic stay pursuant to 11 U.S.C. § 362(d).

4. Although the pleadings indicate that tax liens have been filed against K & H, there was no competent testimony presented by K & H which establishes that lien notices were duly recorded, that the amount of said liens exceeded the value of the leasehold interest, or that said liens are based on valid assessments. Hence, proof is insufficient for the Court to make any finding other than that Bache's lien on the leasehold property is the only valid unpaid lien.

5. Based on the evidence, Bache is the only duly recorded secured creditor with respect to the leasehold interest of K & H in the premises at 1944 Kalakaua Avenue, Honolulu, Hawaii, as evidenced by TCT No. 196,418.

6. Under Section 362(d)(1), a party in interest may request relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." Thus,

Bache is entitled to be adequately protected and no proof was adduced by K & H to establish that Bache has been given such protection.

7. There is no equity in the subject property since the appraiser concluded that the value of the property is marginal, *i.e.*, between $0 to perhaps a high of $10,000.00, and Bache has a lien on the property exceeding $22,377.00. Furthermore, interest continues to accrue on the judgment.

8. There also is no reasonable likelihood that K & H will be able to make the necessary improvements on the premises to enable it to exercise the first four-year option on October 14, 1982.

Judgment will be rendered for Bache on its complaint and the stay shall be lifted in order to permit Bache to proceed with its foreclosure sale of the leasehold interest.

The Court will defer ruling on the request for appointment of a trustee until after the scheduled hearing is held on this matter.