**Carlos A. WOOD, Appellant**

v.

**SEVERAL UNKNOWN METROPOLITAN POLICE OFFICERS, et al.**

**No. 86–5057.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Oct. 9, 1987.
Decided Dec. 15, 1987.

Melvin A. Marshall, Washington, D.C., for appellant.

Donna Murasky, Washington, D.C., for appellees. John H. Suda, Acting Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel, and Michele Giuliani, Asst. Corp. Counsel, Washington, D.C., were on the brief, for appellees.

Richard M. Sharp, with whom Robert N. Strassfeld, Washington, D.C., was on the brief, as court-appointed amicus curiae, urging reversal.

Joseph E. diGenova, U.S. Atty., Royce C. Lamberth, Michael J. Ryan and Barbara Van Gelder, Asst. U.S. Attys., Washington, D.C., were on the brief, for amicus curiae, U.S. urging affirmance. R. Craig Lawrence, Asst. U.S. Atty. also entered an appearance for amicus curiae, U.S.

Before ROBINSON, RUTH BADER GINSBURG and SILBERMAN, Circuit Judges.

Opinion for the Court filed by Circuit Judge RUTH BADER GINSBURG.

RUTH BADER GINSBURG, Circuit Judge:

This case, as it was framed in the district court, raised an unsettled question concerning the interaction between federal and local courts in the District of Columbia: Does the "abstention" doctrine of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971),[1] apply to the District's local courts? The district court dismissed the case, which centered on a replevin petition; the court held that the *Younger* doctrine applies to local courts in the District of Columbia just as it applies to state courts. Memorandum and Order, *Wood v. Several Unknown Metropolitan Police Officers*, No. 85–2735 (D.D.C. Dec. 19, 1985), *reprinted in* Record Excerpts (R.E.) at 3–10.[2] Because the *Younger* issue has be-

---

**1.** The *Younger* doctrine requires dismissal of a federal court proceeding when "important state interests are involved" and state proceedings afford the complainant an adequate opportunity to raise constitutional challenges. *See Middlesex Ethics Comm'n v. Garden State Bar Ass'n,* 457 U.S. 423, 432, 102 S.Ct. 2515, 2521, 73 L.Ed. 2d 116 (1982).

**2.** The district court noted that this court has thus far resisted ruling on *Younger*'s application to District of Columbia local courts. *Wood*

come moot "while on its way here," we vacate the district court's abstention disposition and remand the case with a direction to dismiss the plea for replevin on the ground of mootness. *See United States v. Munsingwear, Inc.,* 340 U.S. 36, 39, 71 S.Ct. 104, 106, 95 L.Ed. 36 (1950). We further instruct the district court to dismiss the entire case unless the plaintiff promptly tenders an amended complaint clearly delineating a viable constitutional tort claim separate and distinct from the replevin petition.

The petition for replevin which has become moot was filed in the district court on August 26, 1985; the petition sought recovery of a sum of money (stated in the pleading to be $3,175 but in fact $3,185) seized by District of Columbia police officers during an August 13, 1985 drug raid. Plaintiff in the action, Carlos A. Wood, asserted that his money—taken during the execution of a search warrant at the residence of his brother—had been seized in violation of his fourth and fifth amendment rights.[3] Specifically, Wood claimed that the seizure "was with judicial process which was based on a misrepresentation of fact from the police to [the] magistrate," and that the anticipated District of Columbia forfeiture procedure authorized "seizures ... without any affidavits that demonstrate probable cause." Petition for Writ of Replevin, par-

as. 1–3, *reprinted in* R.E. at 11–12. The petition invoked 28 U.S.C. § 1331(a) and 42 U.S.C. §§ 1983, 1988; sought damages as well as return of the money; and named as defendants the District of Columbia and "Several Unknown Metropolitan Police Officers."

On September 9, 1985, two weeks after Wood commenced his federal court replevin action, the District of Columbia initiated a libel proceeding in the D.C. Superior Court for forfeiture of the seized money. The libel action rested on D.C.Code § 33–552, which provides for forfeiture of the proceeds of illegal controlled substances exchanges. Citing the civil forfeiture action pending in the D.C. Superior Court, the District of Columbia, on October 21, 1985, moved to dismiss the federal court action. On December 19, 1985, the district court granted the motion, applying the *Younger* doctrine, and dismissed the federal action. *Wood v. Several Unknown Metropolitan Police Officers, supra.* Ultimately, on February 2, 1987, the D.C. Superior Court entered a default decree of condemnation against the $3,185;[4] that decree is now *sub judice* before the D.C. Court of Appeals.

Believing the *Younger* question to be dispositive of the appeal in the federal action, a motions panel of this court invited the United States to submit a brief amicus

v. *Several Unknown Metropolitan Police Officers, supra, reprinted in* R.E. at 8; *see, e.g., District Properties Assocs. v. District of Columbia,* 743 F.2d 21, 28 n. 4 (D.C.Cir.1984); *Silverman v. Barry,* 727 F.2d 1121, 1123–24 n. 4 (D.C.Cir. 1984); *see also Pernell v. Southall Realty,* 416 U.S. 363, 368 n. 4, 94 S.Ct. 1723, 1726 n. 4, 40 L.Ed.2d 198 (1974) ("There are apparently several questions as yet unresolved concerning the relationship between the District of Columbia local courts and the United States District Court and the United States Court of Appeals for the District of Columbia Circuit. Among these are ... the extent to which the principles of *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and related cases apply to the relationship between the District's two court systems.").

3. On August 23, 1985, ten days after the raid, and three days before plaintiff filed the replevin petition, the drug possession criminal charges brought by the United States against plaintiff's brother were dismissed.

4. Plaintiff-appellant Wood had intervened in the D.C. Superior Court proceeding; interposing an answer and counterclaim solely against the District of Columbia, Wood alleged, *inter alia,* that the libel violated the fourth, fifth, and ninth amendments to the United States Constitution. His "Counterclaim" invoked "jurisdiction ... based upon 42 U.S.C. [§§] 1983[,] 1988" and the fourth amendment, and sought a declaration that the District of Columbia forfeiture procedure was unconstitutional, class action designation, compensatory and punitive damages. Answer and Counterclaim, filed October 15, 1985, *reprinted in* Appellant's Appendix (A.) at 42–43, R.E. at 34–35.

The D.C. Superior Court action terminated in a default decree of condemnation because Wood, raising the fifth amendment as a shield, declined to answer any of the interrogatories served upon him by the District of Columbia, and failed to comply with the Superior Court's July 8, 1986 order compelling responses to the interrogatories.

curiae limited to the *Younger* issue, and also directed appointment of members of the bar of this court to serve as amici curiae in support of appellant. Orders of March 17, 1987 and May 15, 1987. Furnished with amici briefs of excellent quality addressing the *Younger* question,[5] the merits panel nonetheless observed, in preparing for oral argument, that the D.C. Superior Court's February 2, 1987 condemnation decree had changed the posture of the federal case.[6] At oral argument of the appeal, therefore, the merits panel granted leave to the parties and amici to file briefs addressing the following questions:

1. In view of the default decree of condemnation rendered by the D.C. Superior Court on February 2, 1987, and the preclusive effect thereof, has the issue of the applicability of the *Younger* doctrine to this case become moot? *See Martin v. Malhoyt,* No. 86–5561, slip op. at 57–58 [830 F.2d 237, 264–265] (D.C.Cir. Sept. 29, 1987).

2. If the D.C. Superior Court decree is preclusive as to the $3185 res, does plaintiff-appellant Wood's complaint

in this action state a separate and distinct claim under 42 U.S.C. § 1983 that is not precluded by the D.C. Superior Court decree? If so, identify with clarity what that claim is. Instruction of October 9, 1987.[7]

■ Taking into account the responses to the court's October 9, 1987 Instruction and, in particular, the District's clear assertion of a res judicata defense based on the D.C. Superior Court decree, we now hold that decree preclusive as to the $3,185. *See* RESTATEMENT (SECOND) OF JUDGMENTS § 30 (1982).[8] The condemnation decree also precludes plaintiff-appellant Wood, who intervened and then defaulted in the D.C. Superior Court action, *see supra* note 4, from litigating against the municipality in federal court matters he placed at issue in the District of Columbia proceeding. See D.C.SUP.CT.R.CIV.P. 41(b) ("Unless the court in its order for dismissal otherwise specifies, ... *any dismissal* ... [other than one for lack of jurisdiction or failure to join a party necessary for just adjudication] operates as an adjudication upon the merits.") (emphasis added).[9]

---

5. Richard M. Sharp and Robert N. Strassfeld filed a brief in support of appellant and Mr. Sharp divided oral argument time with appellant's counsel, Melvin Anthony Marshall. The court commends appointed counsel for service in the best tradition of the bar.

6. Full consideration of an appeal, we have several times observed, may bring to light facets of a case that were not brought out before a motions panel. *See, e.g., Association of Investment Brokers v. SEC,* 676 F.2d 857, 863–64 (D.C.Cir. 1982); *Northwest Airlines, Inc. v. FAA,* 675 F.2d 1303, 1306, 1308 (D.C.Cir.1982).

7. Counsel for appellant Wood notified the panel at the October 9, 1987 oral argument that, the previous day, he had filed a motion in the D.C. Court of Appeals to stay the appeal to that court from the condemnation decree pending this panel's disposition of the instant appeal. The panel thereupon observed that, in its view, "nothing pending in this court warrant[ed] deferral of the appeal to [the D.C. Court of Appeals] from the D.C. Superior Court's February 2, 1987 decree." Instruction of October 9, 1987 (reminding counsel that "it would be in order to notify the District of Columbia Court of Appeals of the panel's observation"). In an October 15, 1987 filing, appellant Wood's counsel notified this court that he had informed the D.C. Court of Appeals of the panel's observation.

8. The day after Wood's petition for a writ of replevin was filed, on August 27, 1985, the district court entered an order instructing the District of Columbia to preserve the specified property (cash in the amount of $3,185) and enjoining the District of Columbia "from removing the said property from the jurisdiction of [the district court]." A. at 17–18. The final order of the district court dismissing the case, filed December 19, 1985, R.E. at 3–10, however, fully disassociated the district court from the matter and thus effectively countermanded the earlier interlocutory order.

9. The Superior Court's Default Decree of Condemnation ordered:

That the answers and counterclaims of respondents Juan Wood and Carlos Wood as to the sum $3,185.00 be, and hereby are stricken; and ...

FURTHER ORDERED: That the sum identified as $3,185.00 in United States Currency (Juan Cedric Wood) B 58305 and [sic] is hereby condemned and forfeited to the District of Columbia....

*District of Columbia v. $199.00 in United States Currency,* No. 6442–85 (D.C.Sup.Ct. Feb. 2, 1987). Plaintiff-appellant Wood and amici on his behalf urge that striking, as opposed to dismissing, a counterclaim has no preclusive ef-

We recently reiterated that "a judgment otherwise final [generally] remains so despite the taking of an appeal." *Martin v. Malhoyt*, at 265 (D.C.Cir.1987) (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 13 comment f); *see also V.E.M. Hotel Serv., Inc. v. Uline, Inc.*, 190 A.2d 812, 813–14 (D.C.1963) (pendency of appeal does not impair preclusive effect of a trial court judgment). We cautioned, however, that "care should be taken in dealing with [a] judgment[ ] that [is] final, but still subject to direct review," because of the risk that the judgment might be overturned on appeal. *Martin v. Malhoyt*, 830 F.2d 237, 264–65 (D.C.Cir.1987). In this case, however, we have strong reason to believe that the D.C. Superior Court's judgment is sufficiently firm to warrant immediate credit. Plaintiff-appellant Wood's counsel, himself, has informed us that the D.C. Court of Appeals has recently affirmed a default decree of condemnation entered by the D.C. Superior Court in a forfeiture proceeding not significantly different from the one in question here. *See* Memorandum Opinion and Judgment, *Williams v. District of Columbia*, No. 86–99 (D.C.C.A. Mar. 9, 1987).[10]

■ There remain, however, Wood's vaguely stated claims against the unknown police officers—claims that were not placed at issue in the District of Columbia proceeding. Issue preclusion, as distinguished from claim preclusion, does not attend the Superior Court's default decree of condemnation. *See* 18 C. WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4440, at 365 (1981) ("The provision that penalty dismissals operate as an adjudication upon the merits is limited to claim preclusion. Of itself, the dismissal does not actually adjudicate any issues and does not support issue preclusion."). Wood is therefore not foreclosed from proceeding against the unknown officers in federal court if he has a genuine claim to state against them. However, his original complaint focused primarily on the replevin plea which has now evaporated; that complaint, in its current shape, is too vague to support a discrete action against the unknown officers.

CONCLUSION

For the reasons stated, we vacate the district court's abstention disposition and remand the case to that court with instructions to dismiss the replevin plea on the ground of mootness. Furthermore, we in-

---

fect. We do not read the default decree as reserving to Wood the right to reassert his counterclaim another day. We note that the District of Columbia rules in point are identical in all relevant respects to the Federal Rules of Civil Procedure. It is settled District law that Superior Court Rules are to be construed consistently with their federal counterparts. *Floyd v. Leftwich*, 456 A.2d 1241, 1245 n. 4 (D.C.1983). On the effect of striking pleadings, dismissing claims, and entering default judgments, *see generally* 4A J. MOORE, J. LUCAS & D. EPSTEIN, MOORE'S FEDERAL PRACTICE ¶ 37.03[2.–5] (2d ed. 1987).

In most cases, striking a plea is merely an unessential prelude or accoutrement to a dismissal or default judgment. *See, e.g., Hall v. Watwood*, 289 A.2d 626, 628 (D.C.1972) (characterizing "striking an answer and entering a default judgment" as a single "severe sanction"); *Barta v. Long*, 670 F.2d 907, 908 (10th Cir.1982) (striking of defendants' pleadings prelude to default judgment); *Baker v. Limber*, 647 F.2d 912, 915, 918 (9th Cir.1981) (equating striking and dismissal of counterclaim). The Superior Court's Default Decree, as we comprehend it, has claim preclusive effect as to all claims or counterclaims stated in that proceeding; we de-

cline to attribute significance to the phrasing of the order as one striking the answers and counterclaims rather than striking the answers and dismissing the counterclaims or simply entering a default judgment straight away.

10. *Williams* involved the same counsel and a similar endeavor to pursue a federal court action attacking an ongoing D.C. Superior Court forfeiture proceeding. *See United States v. Williams*, No. 85–5798 (D.C.Cir. Oct. 18, 1985) (order dismissing appeal as untimely), *reprinted in* A. at 30. Counsel for plaintiff-appellant Wood has pressed upon us the close relationship between this case and *Williams*. *See* Brief for Appellant at 12; A. at 44–61. We therefore take notice of the existence of the *Williams* litigation. While the D.C. Court of Appeals' public but unpublished disposition in *Williams* carries no precedential weight, *see* D.C.C.A.Rule 28(h); D.C.Cir.R. 11(c), its existence satisfies us that we exercise due care in crediting at once the D.C. Superior Court judgment here in question. We note, moreover, that the Superior Court decree we credit is in harmony with D.C. Court of Appeals precedent. *See, e.g., Hinkle v. Sam Blanken & Co.*, 507 A.2d 1046, 1050 & n. 4 (D.C.1986).

struct the district court to dismiss the entire case unless the plaintiff promptly submits an amended complaint cogently stating a viable claim for damages separate and distinct from the replevin plea.

*It is so ordered.*