7 F.3d 218
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Angel Luis FIGUEROA, Plaintiff, Appellant,
v.
U.S. DRUG ENFORCEMENT Administration, Et Al., Defendants, Appellees.
 No. 93-1059.
 United States Court of Appeals,
First Circuit.
 October 12, 1993
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS
 Angel Luis Figueroa on brief pro se.
 A. John Pappalardo, United States Attorney, and Suzanne E. Durrell, Assistant United States Attorney, on Memorandum in Support of Motion for Summary Disposition, for appellees.
 D.Mass.
 VACATED AND REMANDED
 Before Selya, Boudin and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 Angel Luis Figueroa (plaintiff) appeals from a district court judgment dismissing his claim for damages against the Drug Enforcement Administration (DEA) and two of its special agents. In his pro se complaint, plaintiff alleged that the defendants knowingly relied on false information in order to effect the seizure and subsequent forfeiture of various bank accounts held in his name. The district court granted the government's motion under Fed. R. Civ. P. 12(c) for judgment on the pleadings, finding that 42 U.S.C. § 1983-the statutory authority cited by plaintiff-was inapplicable to federal officials not operating under color of state law. Plaintiff's subsequent motion for reconsideration was summarily denied.
 
 
 2
 Several aspects of this disposition prove problematic. For one thing, the government's Rule 12(c) motion was premature. The rule expressly provides that such relief can be sought only "[a]fter the pleadings are closed." Pleadings, of course, include an answer to the complaint. See Fed. R. Civ. P. 7(a). Yet the defendants never filed an answer below. See, e.g., 5A C. Wright & A. Miller, Federal Practice and Procedure § 1367, at 513 ("defendant may not move under Rule 12(c) until after he has answered"). In addition, the fact that the action was dismissed solely because of plaintiff's misplaced reliance on section 1983 is puzzling. For in an earlier order granting IFP status, the district court had stated: "Although plaintiff brings this action pursuant to 42 U.S.C. § 1983, it must be construed as a Bivens-type action, brought under the general federal question jurisdiction of the court, 28 U.S.C. § 1331, because the defendants are federal, not state, agents." Order of July 2, 1992 (footnote omitted). Given this pronouncement, plaintiff might justifiably have concluded that this deficiency in his complaint had been cured. Furthermore, in his motion for reconsideration, plaintiff made specific reference to section 1331. This can reasonably be construed as a request to amend his complaint to advance a Bivens cause of action. Even though plaintiff was entitled to amend his complaint at that juncture as a matter of course, see Fed. R. Civ. P. 15(a), the district court summarily denied the motion without examining the viability of any putative Bivens claim. We therefore conclude that, both in granting the government's Rule 12(c) motion and in denying plaintiff's motion for reconsideration without leave to amend, the court abused its discretion.
 
 
 3
 Defendants contend that the judgment is nonetheless sustainable inasmuch as any amendment to the complaint would obviously be futile. We are unwilling to hazard such a prediction. In particular, given the paucity of factual development to date, we are unable to conclude that plaintiff could make out no viable constitutional claim. See generally D. Smith, Prosecution and Defense of Forfeiture Cases § 10.05 (1993) (discussing applicability of Fourth Amendment in forfeiture context). In light of plaintiff's assertion that the defendants deliberately relied on false information, we cannot say that the question of qualified immunity is necessarily foreclosed. See, e.g., Schwob v. Catterson, 948 F.2d 1402, 1421-22 (3d Cir. 1991) (finding that issue of DEA agents' qualified immunity must await supplementation of the record). Similarly, in part because an administrative forfeiture was apparently also involved here, we cannot rule out the possibility that the DEA's absolute immunity might be sidestepped in some fashion. See, e.g., Sarit v. Drug Enforcement Admin., 987 F.2d 10, 17 (1st Cir. 1993) (discussing waiver of sovereign immunity under Administrative Procedures Act); Onwubiko v. United States, 969 F.2d 1392, 1398-99 (2d Cir. 1992) (discussing jurisdiction under Tucker Act). Finally, without even knowing the basis for plaintiff's August 1991 motion for relief from judgment in the forfeiture action, we are not prepared to conclude that his claim here-whatever form it may take-is barred on the ground of claim preclusion. See, e.g., Wood v. Several Unknown Metrop. Police Officers, 835 F.2d 340, 343-45 (D.C. Cir. 1987); see generally Restatement (Second) of Judgments §§ 22, 30 (1982) (discussing application of res judicata to omitted defenses and to in rem actions); 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure §§ 4412, 4414 (1981 & '93 Supp.) (same).
 
 
 4
 We mean to express no opinion as to the ultimate merit of any of these contentions. Because it is unclear what new facts plaintiff might adduce, because the government has only briefed these issues in cursory fashion, and because the district court did not address them, we simply conclude that none of these arguments are sufficient to deprive plaintiff of an opportunity to amend his complaint.
 
 
 5
 Vacated and remanded for further proceedings.