# PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

ORCA YACHTS, L.L.C.
  *Plaintiff-Appellant,*

v.

MOLLICAM, INCORPORATED,
  *Defendant-Appellee.*

No. 99-1878

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Henry C. Morgan, Jr., District Judge.
(CA-99-465-2)

Argued: April 5, 2000

Decided: April 22, 2002

Before WIDENER and TRAXLER, Circuit Judges, and
Joseph R. GOODWIN, United States District Judge for the
Southern District of West Virginia, sitting by designation.

Appeal dismissed by published opinion. Judge Widener wrote the
opinion, in which Judge Traxler and Judge Goodwin concurred.

## COUNSEL

**ARGUED:** Lawrence Hoyt Glanzer, MARCUS, SANTORO,
KOZAK & MELVIN, Portsmouth, Virginia, for Appellant. Eric Wag-
ner Schwartz, MAYS & VALENTINE, L.L.P., Norfolk, Virginia, for
Appellee. **ON BRIEF:** Richard S. Sperbeck, HUFF, POOLE &
MAHONEY, P.C., Virginia Beach, Virginia, for Appellant. George

H. Bowles, MAYS & VALENTINE, L.L.P., Norfolk, Virginia, for Appellee.

---

## OPINION

WIDENER, Circuit Judge:

Plaintiff Orca Yachts is a North Carolina corporation, qualified to do business in the Commonwealth of Virginia with its principal place of business in Chesapeake, Virginia. Orca manufactures long range offshore sportfishing boats. Defendant Mollicam, Inc. is a Florida corporation with its principal place of business in Merritt Island, Florida. Mollicam manufactures plugs for fiberglass items, including hull and deck plugs for boats.

### I.

In April 1998, Orca contracted with Mollicam to purchase hull and deck plugs for Orca's 31-foot model boat and a hull plug for its 37-foot model boat. Orca claimed shipment of defective plugs, and on April 1, 1999, Orca filed a suit on a breach of contract claim against Mollicam in the United States District Court for the Eastern District of Virginia. The complaint alleged that Mollicam breached its contract with Orca by shipping defective products to Orca in Virginia and by failing to timely deliver conforming products to Orca.

On May 13, 1999, Mollicam filed a Fed. R. Civ. P. 12(b)(2) motion to dismiss for lack of personal jurisdiction contending that Orca could not establish that Mollicam had sufficient minimum contacts with Virginia to assert personal jurisdiction. Orca's response contended that Mollicam intentionally engaged in business transactions with Orca in Chesapeake, Virginia and thus established requisite contacts for personal jurisdiction.

On June 9, 1999, after a hearing on Mollicam's motion to dismiss, the district court concluded that Orca established that Mollicam had contracted with Orca to provide services or things in Virginia under Virginia's long-arm statute, Va. Code. Ann. § 8.01-328.1. However,

the district court decided that personal jurisdiction was lacking because Orca failed to establish that Mollicam purposefully directed its activities at Virginia and maintenance of the suit would offend traditional due process notions of fair play and substantial justice. As a result, the district court dismissed Orca's complaint without prejudice. Orca appealed this decision on June 28, 1999. We dismiss this appeal.

Following the June 9, 1999 hearing in the Virginia federal district court, Mollicam, on June 15, 1999, sued Orca in the Brevard County Florida court to collect sums due from Orca. Orca removed that case to the United States District Court for the Middle District of Florida, Orlando Division. *Mollicam, Inc. v. Orca Yachts, L.L.C.*, Civil Action No.: 99-1020-CIV-ORL-22C. Orca also filed a counterclaim in the Florida action for the same relief it sought in the suit it had filed in the Virginia federal district court.

On January 7, 2000, a Florida magistrate judge entered an order directing Orca to show cause, in writing, by January 18, 2000, why the court should not strike Orca's answer and enter default against it for its failure to prepare and file a case management report as required by that court's Local Rule 3.05(c)(2)(B). Orca failed to respond to this order, and on January 20, 2000, the Florida district court found Orca in default and entered an order striking Orca's answer and affirmative defense and counterclaim. On February 17, 2000, that same court granted judgment for Mollicam and entered judgment on February 18, 2000.

Prior to oral argument, Mollicam filed a motion to dismiss the present appeal on the grounds that the underlying claim is barred by the doctrine of *res judicata* and therefore moot following the action by the Florida district court. Counsel for both parties briefed the merits of this motion and argued its merits orally before presenting oral argument on the underlying appeal.

## II.

Under *res judicata* principles, a prior judgment between the same parties can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication. See *In re Varat Enters., Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996). The doctrine of *res*

*judicata* encompasses two concepts: 1) claim preclusion and 2) issue preclusion, or collateral estoppel. *Varat*, 81 F.3d at 1315 (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). The rules of claim preclusion provide that if the later litigation arises from the same cause of action as the first, then the judgment in the prior action bars litigation "not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented." *Varat*, 81 F.3d at 1315 (citing *Nevada v. United States*, 463 U.S. 110, 129-30 (1983)). However, issue preclusion is more narrowly drawn and applies when the later litigation arises from a different cause of action between the same parties. *Varat*, 81 F.3d at 1315. Issue preclusion operates to bar subsequent litigation of those legal and factual issues common to both actions that were "actually and necessarily determined by a court of competent jurisdiction in the first litigation." *Varat*, 81 F.3d at 1315 (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). Thus, while issue preclusion applies only when an issue has been actually litigated, claim preclusion requires only a valid and final judgment. Compare *Restatement (Second) of Judgments* § 27 (1980) (when issue of fact or law is actually litigated the determination is conclusive in subsequent action between the same parties) with § 17 of the same *Restatement* (a valid final judgment is conclusive between the parties and bars subsequent action on the claim).

In this case, Orca argues that because its counterclaim was merely stricken and not specifically dismissed under Fed. R. Civ. P. 41, the counterclaim was not considered by the Florida district court, and thus the default judgment cannot have a preclusive effect upon the current appeal. Orca further argues that since its claims against Mollicam were not actually litigated in the Florida action, the default judgment does not bar the instant appeal on *res judicata* grounds and the motion to dismiss should be denied.

We do not agree. Even though the judgment in Florida was a default judgment, the doctrine of *res judicata* remains applicable. See *Morris v. Jones*, 329 U.S. 545, 550-51 (1947) ("'A judgment of a court having jurisdiction of the parties and of the subject matter operates as *res judicata*, in the absence of fraud or collusion, even if obtained upon default.'" (quoting *Riehle v. Margolies*, 279 U.S. 218, 225 (1929))).

With respect to Orca's counterclaim in the Florida action, we are of opinion that the doctrine of *res judicata* operates as a bar to Orca's appeal before this court. We are not persuaded by Orca's argument that its counterclaim remained viable despite being stricken with judgment entered for the plaintiff. Although Rule 41 Fed. R. Civ. P. was not mentioned in the order, this was plainly an involuntary dismissal for violation of the rules or an order of the district court under Fed. R. Civ. P. 41(b) and, as such, is an adjudication on the merits. The striking of a plea or a counterclaim is generally an "unessential prelude or accoutrement to a dismissal or default judgment" and a default judgment has claim preclusion effect as to all claims or counterclaims in the proceeding. *Wood v. Several Unknown Metrop. Police Officers*, 835 F.2d 340, 343-44 n.9 (D.C. Cir. 1987).* Thus, the Florida court's decision to strike Orca's counterclaim and entry of judgment in favor of Mollicam was effective to dismiss Orca's counterclaim for purposes of Fed. R. Civ. P. 41.

Under Fed. R. Civ. P. 41(b), unless otherwise specified by the court, a dismissal other than one for lack of jurisdiction, for improper venue, or for failure to join a party operates as an adjudication upon the merits. See 18 Charles Alan Wright et al., *Federal Practice and Procedure* § 4440, at 362 (1981). More specifically, Rule 41(c) states that the "provisions of this rule apply to the dismissal of any counterclaim." Fed. R. Civ. P. 41(c). By striking the counterclaim, the Florida district court dismissed Orca's counterclaim, and Orca's failure to appeal this judgment rendered the Florida district court's action final. As such, Orca can no longer maintain this appeal founded upon identical grounds as those in its Florida counterclaim because such an action is barred by the doctrine of *res judicata*. See *Restatement (Second) of Judgments* § 23 (1980) (Where a defendant interposes a claim as a counterclaim and a valid and final judgment is rendered against him on the counterclaim, he cannot thereafter maintain an action on the claim stated in the counterclaim).

---

*We agree with the court's statement in *Wood* that a default judgment such as this has claim preclusive effect to all claims or counterclaims and we too "decline to attribute significance to the phrasing of the order as one striking the answers and counterclaims rather than striking the answers and dismissing the counterclaims or simply entering a default judgment straight away." *Wood*, 835 F.2d at 343-44 n.9.

Finally, the fact that Orca's counterclaim was not actually litigated in Florida does not affect our decision to grant Mollicam's motion to dismiss. As initially explained, while issue preclusion applies only when an issue has been actually litigated, claim preclusion requires only a valid and final judgment. In this case, the Florida court's dismissal of Orca's counterclaim was a final judgment. Accordingly, the rules of claim preclusion preclude Orca from appealing the same cause of action before this court.

## III.

Because the default judgment in Florida was a final adjudication of both the claim for sums due brought by Mollicam, as well as Orca's counterclaim, Orca is barred by the doctrine of *res judicata* from proceeding with the current appeal.

We express no opinion as to the correctness of the order of the Virginia federal district court appealed from in this case.

Mollicam's motion to dismiss this appeal as moot is accordingly granted. See *Southern Pac. Terminal Co. v. Interstate Commerce Comm'n.*, 219 U.S. 498, 514 (1911).

*APPEAL DISMISSED*