**Paul Franklin CASSELL, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**No. 1:03 CV 00809.**

United States District Court, M.D. North Carolina.

Dec. 14, 2004.

Paul Franklin Cassell, Ashland, KY, pro se.

Lynne P. Klauer, Office of U.S. Attorney, Greensboro, NC, for Defendant.

### ORDER

OSTEEN, District Judge.

On June 8, 2004, in accordance with 28 U.S.C. § 636(b), the Recommendation of the United States Magistrate Judge was filed and notice was served on Plaintiff and a copy was given to the court.

Within the time limitation set forth in the statute, Plaintiff objected to the Recommendation.

The court has appropriately reviewed the portions of the Magistrate Judge's report to which objection was made and has made a de novo determination which is in accord with the Magistrate Judge's report. The court hereby adopts the Magistrate Judge's Recommendation.

**IT IS THEREFORE ORDERED** that Defendant's motion to dismiss (docket no. 8) be **GRANTED**. A judgment dismissing this action will be entered contemporaneously with this Order.

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

DIXON, United States Magistrate Judge.

This matter is before the court on the motion of the United States to dismiss (docket no. 8). Plaintiff has responded in opposition to the motion, and in this posture the matter is ripe for disposition. For the reasons which follow, it will be recommended that the motion be granted.

*Background*

Plaintiff is a felon serving a sentence on a drug conviction entered in this court in December 2000. He began this proceeding by filing a civil complaint form seeking a return of property he describes as a house and tract of land listed as 182 South Beeson Road, Eden, Leaksville Township, Rockingham County, North Carolina valued at approximately $138,000.00. Complaint ¶ VI. He contends that he and his wife acquired this property as a gift from their niece, Lisa I. Jones. He acknowledges that the property was arrested on a warrant issued in May 2000 and that notice of the pending forfeiture was published and mailed to him. He contends, however, that he never received the mailing and that he was not otherwise notified of the forfeiture; and he contends that the property was not subject to forfeiture because "there was never any evidence presented by the government that [his] property was used in or obtained by illegal drug activities." Complaint ¶ VII. He implicitly acknowledges that he entered into a plea agreement with the government

wherein he agreed to forfeit the Beeson Road property, but he contends that he told his attorney that he had not acquired the property by drug proceeds "and that he had not sold any drugs [there] since becoming the owner of the property." *Id.*

Against this backdrop, the Government's motion shows that indeed Plaintiff entered into a plea agreement in his criminal case wherein he agreed to forfeit property, including the Beeson Road tract, to the United States. *See, e.g.,* Plea Agreement ¶ 6a (docket no. 121), *United States v. Paul Franklin Cassell,* No.1:00CR106-1. Moreover, the Government shows that it has sued the Beeson Road property, and various other properties, as defendants in a verified complaint of forfeiture in a civil action in rem. *See United States v. 505 Victor St.,* No.1:00CV419 (docket no.1). That case was disposed of by an entry of default (docket no. 42) and a decree and judgment of forfeiture (docket no. 49) forfeiting all the defendant-properties to the United States. The Fourth Circuit affirmed the forfeiture (docket no. 62) and the Supreme Court denied certiorari review (docket no. 68). Last of all, again as shown by the Government's motion, Plaintiff filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (1:03CV207) Plaintiff alleged that his counsel was ineffective during trial, claiming counsel failed to inform Plaintiff that his house would be forfeited as a result of his plea agreement. The district court adopted this court's recommendation that Plaintiff's motion be denied. In the recommendation, this court particularly denied Plaintiff's claim that his property was improperly forfeited based on evidence showing Plaintiff understood that

his plea contained the forfeiture provisions and that the property forfeited was used by Plaintiff during drug deals. (1:03CV207, docket no. 275, p. 4). Because of this evidence, this court found that the forfeiture was valid.

## Analysis

### Res Judicata

Plaintiff asserts his claim under Rule 41(g) of the Federal Rules of Criminal Procedure, which provides: "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return...." FED. R. CRIM. P. 41(g).[1] Respondent argues that Plaintiff's claim for return of property under Rule 41(g) should be dismissed under FED. R. CIV. P. 12(b)(1) (lack of jurisdiction over the subject matter) and 12(b)(6) (failure to state a claim upon which relief can be granted) because Plaintiff's claim has already been litigated in the proceedings discussed above, thus precluding subsequent litigation of the matter under the doctrine of res judicata.

Res judicata encompasses two concepts: claim preclusion and issue preclusion (or collateral estoppel). *Orca Yachts, L.L.C. v. Mollicam, Inc.,* 287 F.3d 316, 318 (4th Cir.2002) (internal citations omitted). The United States Supreme Court has explained:

Claim preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. Issue preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually litigated and

---

1. It should be noted that the Rule 41(e) referred to by both Plaintiff and Respondent has been amended and renumbered as Rule 41(g) in the federal rules (as of January 1, 2002).

Since this suit was filed after January 1, 2002, Rule 41(g) will apply to this case, rather than the old Rule 41(e).

resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or a different claim.

*New Hampshire v. Maine,* 532 U.S. 742, 748–49, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001) (relying on Restatement (2d) of Judgments §§ 17, 27, pp. 148, 250 (1980)). Furthermore, as Respondent notes regarding claim preclusion, "if the later litigation arises from the same cause of action as the first, then the judgment bars litigation 'not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented.'" *Orca Yachts,* 287 F.3d at 318 (citing *In re Varat Enters., Inc.,* 81 F.3d 1310, 1315 (4th Cir. 1996)).

■ Claim preclusion generally has three requirements: 1) the prior judgment was final, on the merits, and made by a court retaining proper jurisdiction over the case; 2) the parties are identical, or in privity, in the two actions; and 3) the claims in the subsequent suit are based upon the same cause of action as the prior suit. *In re Varat Enters.,* 81 F.3d at 1315. Even default judgments are "valid and final" judgments, thus giving them preclusive effect. *Orca Yachts,* 287 F.3d at 318–19; *see also Morris v. Jones,* 329 U.S. 545, 550–51, 67 S.Ct. 451, 91 L.Ed. 488 (1947) ("'A judgment of a court having jurisdiction of the parties and of the subject matter operates as *res judicata* ... even if obtained upon default.'") (citing *Riehle v. Margolies,* 279 U.S. 218, 225, 49 S.Ct. 310, 73 L.Ed. 669 (1929)).

■ Issue preclusion requires that the "issues of fact or law ... are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom [issue preclusion] is asserted had a full and fair opportunity to litigate.'" *Ramsay v. U.S. INS,* 14 F.3d 206, 210 (4th Cir.1994)

(quoting *Virginia Hosp. Ass'n. v. Baliles,* 830 F.2d 1308, 1311 (4th Cir.1987)). An issue has been actually determined or litigated in the previous action "if the parties to the original action disputed the issue and trier of fact resolved it." *Watson v. United States,* 49 Fed.Cl. 728, 732 (2001) (citing *Mother's Rest. Inc. v. Mama's Pizza, Inc.* 723 F.2d 1566, 1570 (Fed.Cir. 1983)).

■ In the civil action in rem for forfeiture of the defendant-properties the district court entered a decree and judgment of forfeiture after the clerk entered a default. This judgment, being made in a court of proper jurisdiction and being a final judgment of the matter, is enough to preclude Plaintiff's subsequent claims to overturn the forfeiture of his property. *See Orca Yachts,* 287 F.3d at 318–19. In addition, because the claims made in the previous and current action are identical (Plaintiff claims the forfeiture of his property to the government was illegal), Plaintiff is barred from asserting any claims that he failed to assert previously regarding the forfeiture of his property. *Orca Yachts,* 287 F.3d at 318.

■ The issues raised by Plaintiff in the current action are also identical to those raised in the previous action. Previously, the district court entered judgment after Plaintiff and Defendant both had the opportunity to file briefs stating their claims and defenses. The judgment, therefore, was a result of the trier of fact's resolution of the issues, and even though it was entered after the clerk's default, the judgment must accordingly be given preclusive effect on identical issues. Furthermore, Plaintiff attempted to vacate the forfeiture through his § 2255 claim. The § 2255 claim, which included Plaintiff's argument that the judgment entered against his property was invalid, was denied. Thus, Plaintiff has had two separate opportuni-

ties to state his claim or present his issues against the forfeiture of his property to this court, and he has failed both times. Under the doctrine of res judicata, this separate civil action for the return of the same property claim should also be denied and dismissed.

*Civil versus Criminal Proceeding*

██ Plaintiff also asserts a new claim that the Judgment and Commitment (J & C) entered in the criminal case against him did not include the forfeiture of his land. Plaintiff argues that the forfeiture should have been included in the J & C because this was a forfeiture resulting from a criminal trial.

While such a new claim may be barred under the above expressed doctrine of res judicata because it arises from the same cause of action as the previous adjudication, *see Orca Yachts,* 287 F.3d at 318, the claim can be addressed and dismissed on other grounds as well. The original suit by the Defendant against Plaintiff for the forfeiture of Plaintiff's land was filed as a civil suit. Plaintiff's earlier criminal trial had been completed, and thus the forfeiture could have been initiated by the Government as a criminal forfeiture or a civil forfeiture. Because the forfeiture was initiated and prosecuted by the Government as a civil suit, there was no need for inclusion of the forfeiture order in the J & C resulting from Plaintiff's original criminal trial. Plaintiff's argument to return property based on incomplete information in the J & C therefore fails.

*Conclusion*

For the foregoing reasons, IT IS RECOMMENDED that Defendant's Motion To Dismiss (docket no. 8) be GRANTED.

June 8, 2004