**Richard P. WATSON, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 00–608C.

United States Court of Federal Claims.

July 13, 2001.

---

David F. Cutter, Washington, DC, for plaintiff. William P. Flanagan and Anthony Luis Miranda, Washington, DC, of counsel.

John S. Groat, with whom were Stuart E. Schiffer, Acting Assistant Attorney General, David M. Cohen, Director, and James M. Kinsella, Deputy Director, Civil Division, U.S. Department of Justice, Washington DC, for defendant. Brian Lansing and Christine L. Luster, Department of the Navy, Washington, DC, of counsel.

### *OPINION AND ORDER*

HEWITT, Judge.

Before the court is defendant's Motion to Dismiss on grounds of issue preclusion. Plaintiff Richard P. Watson was an officer in the United States Navy discharged under the military's Don't Ask/Don't Tell (DADT) homosexual exclusion policy after fourteen years of service. First Amended Complaint (Complaint) ¶ 1; *see also* 10 U.S.C. § 654 (DADT policy). Prior to the present suit, plaintiff unsuccessfully attacked the constitutionality of his discharge from the Navy under DADT. *See Watson v. Perry* 918 F.Supp.

1403 (W.D.Wash.1996), *aff'd sub nom. Holmes v. Cal. Army Nat'l Guard,* 124 F.3d 1126 (9th Cir.1997), *cert. denied,* 525 U.S. 1067, 119 S.Ct. 794, 142 L.Ed.2d 657 (1999). Plaintiff now challenges the constitutionality of the Separation Pay Policy which reduces by half the separation pay of service members discharged for homosexuality. Complaint ¶ 1; *see also* 10 U.S.C. § 1174(a)(2); DODI 1332.29; SECNAVISNT 1900.7G. Defendant argues that, because the constitutionality of the DADT policy has been conclusively determined in the prior litigation, the doctrine of issue preclusion bars plaintiff from litigating the constitutionality of the Separation Pay Policy here. Defendant's Motion to Dismiss (Def.'s M.T.D.) at 1, 6. For reasons set forth below, the court DENIES defendant's Motion to Dismiss.

### I. Background

#### A. DADT and the Separation Pay Policy

Congress enacted DADT in 1993. 10 U.S.C. § 654. The policy sets forth three actions that can justify the separation of a service member from the armed forces: engaging in homosexual acts, § 654(b)(1); stating that she or he is homosexual and failing to rebut the presumption of homosexual conduct raised by that statement, § 654(b)(2); or marrying or attempting to marry a person known to be of the same biological sex, § 654(b)(3).

Plaintiff claims entitlement to separation pay under 10 U.S.C. § 1174(a)(2). Complaint ¶ 1. Section 1174(a)(2) provides in pertinent part that "a regular commissioned officer of the Army, Navy, Air Force, or Marine Corps who is discharged under section 630(1)(A) ... of this title ... is entitled to separation pay ... as determined by the Secretary of the military department concerned, unless the Secretary concerned determines that the conditions under which the officer is discharged or separated do not warrant payment of such pay." Section 630(1)(A) provides that the "Secretary of the military department concerned, under regulations provided by the Secretary of Defense(1) may discharge any officer on the active duty list who(A) has less than five years of active commissioned service." 10

U.S.C. § 630(1)(A). The regulation prescribed by the Secretary of Defense which enforced DADT at the time of Watson's separation noted that it "implement[ed] . . . section 630" of title 10. DOD Directive 1332.30(A)(2) (December 31, 1993).

The Separation Pay Policy is laid out in Department of Defense and Department of the Navy implementing regulations. *See* DODI 1332.29; SECNAVINST 1900.7G. Both of these regulations were issued in 1991, two years before DADT was enacted. *Id.* Under both Department of Defense and Navy regulations, a member separated for "homosexuality" receives half the rate of separation pay for which he or she would otherwise qualify. SECNAVINST 1900.7G ¶ 8(a)(3); DODI 1332.29 ¶ 3.2.3.1.4.

### B. Plaintiff's Challenge to DADT

Plaintiff Richard P. Watson served in the United States Navy for fourteen years before the Navy discharged him pursuant to DADT. *Holmes,* 124 F.3d at 1129. Plaintiff brought suit in 1995 in the United States District Court for the Western District of Washington challenging the constitutionality of DADT and alleging that "the Navy's refusal to provide Watson full severance pay violate[d] the Administrative Procedure Act ("APA"), 5 U.S.C. § 706." *Id.* at 1130. The district court entered judgment in favor of the government on the constitutional challenge to DADT and dismissed the separation pay policy claim under the APA without prejudice. The court instructed plaintiff to refile his challenge to the Separation Pay Policy when ripe, that is, after plaintiff was discharged and his separation pay was halved.[1] Complaint ¶ 14; *see also Holmes,* 124 F.3d at 1131. The Ninth Circuit upheld the determination of the constitutionality of DADT on appeal. *Id.* at 1128.

### C. The Present Action

On November 11, 1998, plaintiff again brought suit in the United States District Court for the Western District of Washington, challenging the Separation Pay Policy on constitutional grounds. Def.'s M.T.D. Appendix at 68–72 (Complaint filed in District Court). The District Court granted defendant's unopposed motion to transfer the action to this court pursuant to 28 U.S.C. § 1631. *Id.* at 77 (Minute Order dated January 25, 1999 granting motion to transfer). Plaintiff's First Amended Complaint was filed in this court on December 26, 2000. Defendant moved to dismiss for failure to state a claim upon which relief can be granted. Def.'s M.T.D. at 1. Plaintiff filed a brief in opposition, Plaintiff's Opposition to Defendant's Motion to Dismiss (Pl.'s Opp.), and defendant responded, Defendant's Reply (Def.'s Rep.).

## II. Discussion

### A. Motion to Dismiss

Defendant moves the court to dismiss plaintiff's complaint "for failure to state a claim upon which relief can be granted." Def.'s M.T.D. at 1. The court treats the motion as made under Rule 12(b)(4) of the Rules of the Court of Federal Claims (RCFC). In deciding this motion, the court follows the rule that "a complaint should not be dismissed under RCFC 12(b)[4] unless 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Boyle v. United States,* 44 Fed.Cl. 60, 61–62 (1999) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)), *aff'd,* 200 F.3d 1369 (2000). Further, the court "must accept the factual allegations in the plaintiff's complaint as true, construing the complaint broadly and drawing all inferences in favor of the plaintiff." *A–1 Amusement Co. v. United States,* 48 Fed.Cl. 63, 65 (2000) (citing *Ponder v. United States,* 117 F.3d 549, 552–53 (Fed.Cir.1997), *cert. denied,* 522 U.S. 1110, 118 S.Ct. 1040, 140 L.Ed.2d 106 (1998)), *appeal dismissed,* No. 01–5085, 2001 WL 714826 (Fed. Cir. June 7, 2001) (order).

### B. Issue Preclusion

■ Defendant's Motion to Dismiss relies

---

1. More detail on this point may be found in plaintiff's original complaint in the present action, filed in the Western District of Washington. *See* Def.'s M.T.D. Appendix at 60–61.

on the doctrine of issue preclusion.[2] Issue preclusion "serves to bar the revisiting of 'issues' that have been already fully litigated." *Jet, Inc. v. Sewage Aeration Sys.*, 223 F.3d 1360, 1366 (Fed.Cir.2000). *See also In re Freeman*, 30 F.3d 1459, 1465 (Fed.Cir. 1994)("[A] party who has litigated an issue and lost should be bound by that decision and cannot demand that the issue be decided over again.") (citation omitted). Issue preclusion requires that each of four elements be met: (1) the issue must be identical to that in a prior proceeding; (2) the issue must have been actually litigated; (3) determination of the issue must have been necessary to the prior judgment; and (4) the party defending against preclusion must have had a full and fair opportunity to litigate the issue. *Banner v. United States*, 238 F.3d 1348, 1354 (Fed.Cir.2001) (citation omitted). The precedents indicate that issue preclusion reaches both issues of law and fact, whether determined at trial or on appeal. *In re Freeman*, 30 F.3d 1459, 1465 (Fed.Cir.1994) ("[A]pplication of issue preclusion centers around whether an issue of law or fact has been previously litigated."); *Banner*, 238 F.3d at 1353–56 (applying issue preclusion to a question " 'actually litigated' before the Second Circuit").

Defendant argues that plaintiff seeks to relitigate issues already decided against him in his challenge to DADT. Def.'s M.T.D. at 1. The court now examines plaintiff's complaint in light of the prior judgments against him in *Watson* and *Holmes*.

### 1. Identity of Issues

Before a court will apply the doctrine of issue preclusion, it must determine that the issues are "identical" to those in the prior proceeding. *Banner*, 238 F.3d at 1354. The Federal Circuit notes that "the 'identity of issues' analysis requires inquiry into the ac-

tual facts found and presented in the earlier litigation." *Jet, Inc.*, 223 F.3d at 1366.

As defendant reports, plaintiff's prior action "contended that the ... 'don't ask, don't tell' policy violated his constitutional rights to equal protection, to substantive due process, and to free speech." Def.'s M.T.D. at 9. The district court considered each of plaintiff's challenges to DADT and concluded that plaintiff's "constitutional rights were not violated by his discharge from military service." *Watson*, 918 F.Supp. at 1418. Plaintiff's only challenge to the Separation Pay Policy regulations in the district court action was under the Administrative Procedure Act (APA). *Id.* at 1411 n. 3. The Ninth Circuit reported that the district court "dismissed without prejudice [plaintiff's] APA claim." *Holmes*, 124 F.3d at 1130. No issue related to the Separation Pay Policy reached final judgment at trial or on appeal.

In its decision, the Ninth Circuit began its analysis by stating that the "issue posed" was "whether the military may discharge a service member based on an inference of homosexual conduct from his admission of homosexual orientation, without corroborating evidence of conduct or intent." *Holmes*, 124 F.3d at 1132. While the Ninth Circuit considered whether the armed forces could constitutionally discharge a homosexual service member under DADT policies, the Ninth Circuit did not consider the legality of halving the discharged member's separation pay.

The court described the policy under review as follows:

> The 'don't ask/don't tell' policy refers to 10 U.S.C. § 654 (Supp.1994) (codifying principal elements of the President's 'Policy on Homosexual Conduct in the Armed Forces,' announced July 19, 1993) and the Department of Defense's ('DOD') implementing regulations, effective February 28, 1994. *See, e.g.*, DOD Directive 1332.30

---

2. Courts sometimes refer to this doctrine as "collateral estoppel." *Compare Banner v. United States*, 238 F.3d 1348, 1354 (Fed.Cir.2001) (employing "collateral estoppel" and noting that doctrine is also called "issue preclusion") *with Hallco v. Foster*, 245 F.3d 1369, 1373 (Fed.Cir. 2001) (referring to "issue preclusion" and noting that this doctrine was "once called collateral estoppel"); *see also Jet, Inc. v. Sewage Aeration Sys.*, 223 F.3d, 1360, 1365–66 (Fed.Cir.2000) (employing "issue preclusion" and noting that the doctrine is "also sometimes called 'collateral estoppel' "); *Foster v. Hallco Mfg. Co.*, 947 F.2d 469, 478 (Fed.Cir.1991); *Mother's Rest. Inc. v. Mama's Pizza*, 723 F.2d 1566, 1570 n. 3 (Fed.Cir. 1983).

(Separation of Regular Commissioned Officers) (Mar. 4, 1994).

*Id.* at 1127 n. 1. Neither this language nor anything else in the Ninth Circuit opinion gives any indication that the court considered the Separation Pay Policy. The Separation Pay Policy regulations are not part of DADT regulations. *Compare* 10 U.S.C. § 654 (DADT) *with* DODI 1332.39 *and* SECNAVINST 1900.7G (Separation Pay Policy). Moreover, the Separation Pay Policy, implemented by the Department of Defense and the Navy in 1991, predates DADT, enacted by Congress in 1993, by over two years.

### 2. Actually Litigated

■ To establish issue preclusion, defendant must also show that the issue was "actually litigated." *Banner*, 238 F.3d at 1354 (citation omitted). In the Federal Circuit, this element is " 'generally satisfied if the parties to the original action disputed the issue and the trier of fact resolved it.' " *Mother's Rest. Inc. v. Mama's Pizza, Inc.*, 723 F.2d 1566, 1570 (Fed.Cir.1983) (quoting *Continental Can Co. v. Marshall*, 603 F.2d 590, 596 (7th Cir.1979)). Thus the court examines what issues were disputed and resolved in the prior litigation.

■ Defendant insists that the issue litigated before and decided by the Ninth Circuit was that plaintiff's "involuntary discharge" did not violate equal protection, substantive due process, or free speech. Def.'s M.T.D. at 10–14. The court agrees with defendant's characterization. The Ninth Circuit opinion concluded, in addressing plaintiff's equal protection, substantive due process, and free speech challenges, that "10 U.S.C. § 654(b)(2) and its implementing regulations are constitutionally valid." *Holmes*, 124 F.3d at 1127–28 and 1132.

However, in this case, plaintiff alleges that the Separation Pay Policy's half pay instructions "explicitly classify according to status." Complaint ¶ 20. Plaintiff's assertion must be accepted as true at this point. *See A–1 Amusement Co.*, 48 Fed.Cl. at 65. The prior proceedings made no finding on this issue. The constitutionality of a status-based separation pay policy was not litigated or decided in the prior proceedings, and neither the

district court nor the Ninth Circuit addressed whether separation pay may be halved in these circumstances.

### 3. Necessary to the Prior Judgment

Issue preclusion also requires that a decision be "necessary to the [prior] resulting judgment" before a decision on that issue will be binding in a second action. *Banner*, 238 F.3d at 1354. The purpose of this element is to "prevent the incidental or collateral determination of a nonessential issue from precluding reconsideration of that issue in later litigation." *Mother's Rest. Inc.*, 723 F.2d at 1571 (citations omitted).

The court concludes that a decision about the Separation Pay Policy was not necessary to judgment in the prior litigation for two reasons. First, a conclusion about the constitutionality of a discharge under DADT does not require a conclusion about halving separation pay. The Ninth Circuit found a government interest in "discharging service members on account of homosexual conduct in order to maintain effective armed forces," *Holmes*, 124 F.3d at 1134, and went on to conclude that plaintiff's discharge was constitutional. *Id.* at 1136. In reaching this decision it was not necessary for the Ninth Circuit to consider whether the halving of separation pay-which is only done under the Separation Pay Policy after discharge-was also constitutional.

Second, a decision about the Separation Pay Policy could only be necessary to the Ninth Circuit's conclusion that DADT "and its implementing regulations" are constitutionally valid, *Holmes*, 124 F.3d at 1127–28, if the Separation Pay Policy were part of DADT's implementing regulations. However, the Separation Pay Policy is not part of the regulations prescribed by § 654. In ruling that plaintiff could constitutionally be discharged, the Ninth Circuit did not need to consider whether the Navy could reduce his separation pay by half. Indeed, Defendant appears to have conceded this point in its briefing. "Since the issue of separation pay was not litigated in the prior action, Mr. Watson correctly states that Resolving the Issue of Separation Pay Was Not Essential

to the Judgment of the Discharge Action." [3] Def.'s Rep. at 6.

### 4. Full and Fair Opportunity to Litigate

Issue preclusion also requires that the party defending against preclusion have a full and fair opportunity to litigate in the prior proceeding. *Banner*, 238 F.3d at 1354. The Federal Circuit directs that one of the criteria a court is to consider in this regard is "whether the party had an incentive to litigate fully the issue." *Id.* At the time of the Ninth Circuit litigation, plaintiff was seeking "injunctive and declaratory relief" to prevent his discharge under DADT. *Holmes*, 124 F.3d at 1130. In other words, plaintiff's goal in that litigation was to remain in the Navy. If plaintiff had prevailed, the Separation Pay Policy issue would never have been reached. Only now that plaintiff's challenge to DADT has been denied and plaintiff has been discharged does he have an incentive to litigate

fully the collateral issue of the constitutionality of the Separation Pay Policy.

### III. Conclusion

For the foregoing reasons, the court finds that the elements of issue preclusion are absent in this case and DENIES the government's motion to dismiss. The parties shall submit a joint status report or, if the parties are unable to agree, separate status reports, in either case on or before July 31, 2001, proposing further proceedings necessary to resolve the case.

IT IS SO ORDERED.

---

**3.** Defendant goes on to state that "[w]hile that fact precludes application of the related doctrine of claim preclusion, the doctrine of issue preclusion applies to different claims." *Id.* Defendant is correct to observe that the elements of claim preclusion are not met in the present case. Claim preclusion will bar a second suit if "(1) there is identity of the parties (or their privies) (2) there has been an earlier final judgment on the merits of a claim; and (3) the second claim is based on the same set of transactional facts as the first." *Jet, Inc.*, 223 F.3d at 1362–3 (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979) and *Foster v. Hallco Mfg. Co.*, 947 F.2d 469, 478–79 (Fed.Cir.1991)). While the parties are identical and the prior litigation resulted in a final judgement on the merits, the transactional facts are

not the same in this case. In the prior litigation, plaintiff fought his discharge. Plaintiff's present claim did not accrue until he lost the prior case, was discharged, and his separation pay was halved. As the Supreme Court has noted, a prior judgment "cannot be given the effect of extinguishing claims which did not even then exist and which could not possibly have been sued upon in the previous case." *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 328, 75 S.Ct. 865, 99 L.Ed. 1122 (1955).

While defendant is also correct to observe that "the doctrine of issue preclusion applies to different claims," the court sees no common issues between the present claim and the prior claim. In this case, it appears that plaintiff is attacking a policy decision on the same legal theory on which he challenged a different decision.